THE VERMONT FARM MACHINERY Co., Appellant, v. THE DE SOTA CO-OPERATIVE CREAMERY Co., Appellee.

Corporations: SALE CONTRACTS: DEFENSE OF *ultra vires.*  The defense of *ultra vires* is not favored by the courts, especially where the corporation has had the benefit of the whole or a part of the contract; it is only available where the agreement is executory, and it is estopped to plead the defense where the corporation has received the consideration.

Same.  A creamery company organized to manufacture butter and milk products for its stockholders, purchased several cream separators for a gross sum, to be used by its patrons and stockholders.  The company sold one of the separators, remitting the amount received, and offered to return but refused to pay for the remainder.  In this suit for the balance of the purchase price it is held that the

contract was entire, and that the company, having received part of the benefits, can not defend the action on the ground that the agreement was *ultra vires.*

*Appeal from Dallas District Court.*—HON. J. H. APPLEGATE, Judge.

WEDNESDAY, OCTOBER 27, 1909.

REHEARING DENIED TUESDAY, JANUARY 18, 1910.

ACTION to recover the purchase price of certain cream separators sold by plaintiff to defendant. Defendant admitted the purchase of the separators, but pleaded that the contract therefor was *ultra vires* and void. The case was tried to a jury, and, at the conclusion of the testimony, the trial court on motion directed a verdict for defendant. Plaintiff appeals.—*Reversed.*

*Burton Russell,* for appellant.

*White & Clark,* for appellee.

DEEMER, J.—Defendant is a local corporation; its articles reciting the nature of its business to be as follows: "Article 3. The object of the corporation or the business to be transacted is the manufacture of butter and milk products for the stockholders of said corporation and the patrons thereof upon equal terms in such a manner as will conduce to the mutual and equal advantage of all such stockholders and patrons."

Plaintiff, through its salesman, made a contract with defendant through its secretary, one H. G. Smith, whereby it sold to defendant five cream separators for the aggregate price of $390. The separators were delivered to defendant pursuant to this sale, and some of them used by

it down to the time of the commencement of this action. One it sold to a customer, and for this it remitted $64 to plaintiff on account. As the others were not paid for, plaintiff brought suit to recover the balance of the purchase price. The defense made was that the contract was *ultra vires* and beyond the power of the corporation. It also pleaded that, before the commencement of the suit, it had offered to return the machines to plaintiff and had made a tender thereof, which plaintiff refused to accept. Plaintiff admitted that it refused to accept the tender, and pleaded an estoppel on defendant's part, due to its acceptance and receipt of the goods. The testimony shows, as we have already said, that the defendant company sold one of the machines, and that it used another in the progress of its work. True, it claims to have paid for the one it used, but there is no showing that this was the full price of the machine or that payment was accepted by plaintiff on any other basis than as being made on general account.

Smith, who gave the order, said that the separators were not purchased for use in the creamery, but for defendant's patrons and stockholders for use in separating the cream from the milk which they were to deliver to the creamery. The contract for the machines fixed a gross price for the five. It was not separable in character, nor was it so treated by the parties at any time. This is the entire record upon which the case was decided, and constitutes the basis for the ruling directing the verdict for defendant.

There is considerable doubt in our minds regarding the claim that the contract was and is *ultra vires*. Such contracts are those which do not in any manner serve the accomplishment of the purposes for which the corporation is organized. They are contracts, not positively forbidden, but impliedly prohibited because not expressly or impliedly authorized. Now defendant seems to be organized as a mutual or cooperative concern for the purpose of manu-

facturing butter and milk products for the stockholders of
the corporation and the patrons thereof upon equal terms,
etc. We are not at all certain that it was not within the
implied powers of the officers of the corporation to secure
machines which would accomplish the first step in butter
making—the separation of cream from the milk. *Home
Ins. Co. v. Packet Co.,* 32 Iowa, 223. The defense of
*ultra vires* is not looked upon with favor, particularly when
the corporation has had the benefit of the whole or a part
of the contract. *Casualty Co. v. Bank,* 131 Iowa, 456.
Our rule is that the plea is only available where the con-
tract is executory, and that, where the consideration for
the agreement has been received, the corporation is estopped
to allege its want of power to contract. *Field v. Building
& Loan Ass'n,* 117 Iowa, 185; *Schrimplin v. Life Ass'n,*
123 Iowa, 109; *Lumber Co. v. Telephone Co.,* 127 Iowa,
355; *Casualty Co. v. National Bank,* 131 Iowa, 467; *St.
John v. Building Ass'n,* 136 Iowa, 457. In *Fidelity In-
surance Co. v. German Savings Bank,* 127 Iowa, 591, we
said: "A corporation can not rely upon the doctrine of
*ultra vires* to relieve itself from the consequences of a con-
tract made by it which is fully executed by the other party,
and which is not expressly prohibited or contrary to pub-
lic policy. The recent decisions on the subject almost, if
not quite, unanimously support this general proposition.
As to the claim that this acquisition of stock was outside
of the general scope of plaintiff's business, it is sufficient
to say that a corporation can not repudiate an executed
contract of which it has received the benefits on the ground
that such contract is *ultra vires;* that is, not within the
scope of the business which it is authorized to transact."
Again, in *Canning Co. v. Stanley,* 133 Iowa, 57, we said:
"A corporation can not insist on its own want of authority
to enter into a contract which has been fully executed and
carried out by the other party thereto." That this is the
rule which generally prevails in this country, see *Security*

*Nat. Bank v. Power Co.,* 117 Wis. 211 (94 N. W. 74); 10 Cyc. 1163, and cases cited. The cases cited and relied upon by appellee's counsel are not in point. The contract in this case was entire. Defendant has undoubtedly had part of the benefits thereof from the sale of some of the property. It could not tender back all that it purchased, and was in no position to say that it would abide by part of the contract and rescind the balance.

The trial court was in error in directing the verdict, and the judgment must be, and it is, *reversed.*