FARRELL v. LEIGHTON ET AL.

1. **Notice**: PUBLICATION : PROBATE OF WILL. Publication of the notice required by section 2341 of the Code may be proved by the affidavit of any person who is ir a situation to have personal knowledge of the fact.

2. ——— : JURISDICTION : INFANT. The publication of the notice as required is all that is necessary to confer jurisdiction of the parties, and personal service upon a minor under fourteen years of age is not necessary.

*Appeal from Lee Circuit Court.*

THURSDAY, SEPTEMBER 19.

On the 17th day of August, 1874, a paper purporting to be the last will and testament of Bernard Slaven, deceased, was filed for probate in the court below. Margaret Farrell, a minor, was one of the beneficiaries named in said will. Upon the filing of the will the clerk of the court gave the notice provided by section 2341 of the Code. At the time fixed for proving the will the court appointed John W. Farrell guardian *ad litem* of said Margaret Farrell. Certain parties appeared and filed a writing contesting said will. To this pleading John W. Farrell, as guardian *ad litem* of Margaret Farrell, filed what is denominated an answer, taking issue with the contestants. A trial was had and a decree entered declaring said will null and void. From this decree an appeal was taken to this court by the beneficiaries under the will.

The decree of the court below was affirmed at the December Term, 1876. 45 Iowa, 154.

On the 31st day of May, 1877, said Margaret Farrell, by her guardian, filed her petition against the defendants, claiming probate of said will, and averring that "said will has never been duly probated, the said Margaret Farrell never having been in court so as to determine her rights." It is prayed that said will be proved and allowed so far as said Margaret

Farrell is concerned, and said administrator be ordered to pay to her the sum of three thousand dollars, the amount bequeathed to her. The defendants answered, setting up the former record, decree and judgment of the court as an adjudication of the rights of plaintiff.

, The plaintiff replied, in substance denying that she was in any manner bound by said decree and judgment, because she was not a party thereto, no notice having ever been given to her of any contest over the probate of said will, nor of the proceeding to probate the same.

The defendants demurred to the reply, upon the ground that the pleadings and record set up in the answer show that Margaret Farrell was a party to the proceedings, and was bound and estopped by said record.

The demurrer was sustained. Plaintiff appeals.

*Sprague & Gibbons,* for appellant.

*Gillmore & Anderson* and *Miller & Sons,* for appellees.

ROTHROCK, CH. J.—I. The proof of publication of the notice given by the clerk is in these words: "I, Sandie Stone, being duly sworn, say that I am the local editor of the *Gate City* printing establishment; that the *Daily Gate City* is printed in said office and circulated in said county, and that the notice of which the annexed is a true copy was published in said newspaper for the full period of three weeks, beginning on the 18th day of August, 1874, and ending on the 8th day of September, 1874."

It is urged that this proof was insufficient, because the affidavit was not "made by the publisher or his foreman," as provided in section 2620 of the Code. We think that that provision of the Code has reference to proof of publication of original notices in the actions specified in that chapter, and that the publication of the notice required to be given by the clerk, in a proceeding to prove a will, need not be proved by the affidavit of the publisher or foreman of the newspaper.

Section 3697 of the Code provides that "publications required by law to be made in a newspaper may be proved by the affidavit of any person having knowledge of the fact * * ."

It is insisted that the affidavit of Stone, the local editor, does not show that he had knowledge of the fact. It is true the affidavit does not state in terms that he had personal knowledge of the publication, but it does show that his connection with the newspaper was such that his affidavit could have been made upon no other than personal knowledge. The affidavit shows that he was in a position to have personal knowledge of the facts, and purports to be made from his own knowledge, and not from information or belief. We are of opinion it was sufficient proof of publication.

II. Section 2340 of the Code provides that after a will is produced and read a day shall be fixed for proving the same; and section 2341 provides that "the clerk shall give notice of the time thus fixed by publishing a notice, signed by himself and addressed to all whom it may concern, in a daily or weekly newspaper printed in the county where the will is filed, for three consecutive weeks, the last publication of which shall be at least ten days before the time fixed for such hearing. * * *."

2.——: publication: infant.

It is argued at length by counsel for appellant that the notice provided by this section did not confer jurisdiction upon the court as to Margaret Farrell, she being a minor under fourteen years of age, and that in order to bind her there should have been service of a notice upon her.

It does not appear from the record before us which of the parties in interest filed the will for probate. It does appear, however, that the contestants assumed the attitute of plaintiffs, and that upon the appointment of the guardian ad litem for Margaret Farrell he filed an answer asserting the validity of the will. The statute provides that certain acts shall be done upon the filing of a will, among which is the giving of notice "addressed to all whom it may concern," and that "the probate shall be conclusive as to the due execution thereof,

until set aside by an original or appellate proceeding." Code, § 2353.

The statute expressly provides the notice to be given in proceedings for the probate of a will. No other notice is provided except the publication by the clerk. The record in this case shows that such publication was made, and we think it was binding upon all the parties, infants as well as adults.

Such service having been made, as the law provides, no other was necessary. The provision of section 2567, that the appointment of a guardian *ad litem* "cannot be made until after service of the notice in the action, as directed in this Code," was fully complied with. The service was made as directed in the Code, and all parties in interest are bound thereby.

AFFIRMED.