## IN RE WILL OF MIDDLETON.

1. **Will:** PROBATE: NOTICE. No other or further notice than that contemplated by § 2341 of the Code is necessary to give the circuit court jurisdiction proceedings for the probate of a will.

2. ———: ———: REVIEW: REMEDY. The proper method to review an order for the probate of a will is by appeal therefrom, or by an original action, (Code, § 2353; *Leighton v. Orr*, 44 Iowa, 679,) and not by motion to set aside.

3. ———: ———: OTHER ORDERS TO PROTECT RIGHTS. Upon the probate of a will, the court may make such other orders as may be necessary to protect the rights of the parties.

*Appeal from Wapello Circuit Court.*

THURSDAY, OCTOBER 6.

THE defendants filed a motion in the circuit court to set aside the probate of the will involved in this case. The motion was overruled. Defendants appeal.

*Williams & Jaques,* for appellant.

*McNett & Tisdale,* for appellee.

BECK, J.—I. The will involved in the case disposes of personal property, and is nuncupative. It was admitted to probate upon a notice by publication, required by Code, § 2341. Soon after, the defendants filed a motion to set aside the order of probate, on the grounds that no notice was served upon the defendants,—one of them being the administrator of the estate; that the value of the property bequeathed exceeds $300; and that "the order covers more than the mere probate of the will." The motion was overruled.

II. The notice of the presentation of the will for probate was by publication, and conforms to the requirements of section 2341 of the Code. No other or further notice was required to give the circuit court jurisdiction in the proceedings for the probate of the will. *Farrell v. Leighton,* 49 Iowa, 174.

III. The record does not contain the evidence submitted to the circuit court in the probate proceedings. We cannot, therefore, consider the objection made by defendants, to the effect that the value of the property exceeded $300, the limit of the disposition of personal property by nuncupative wills. (Code, § 2324.) Affidavits were filed, in support of the motion, tending to show that the value of the property covered by the will exceeded $300. These affidavits were *ex parte,* and filed in support of a motion not authorized by the statute; there being no provision under which the order for the probate of a will may be assailed in that way.

Defendants' remedy to review the order is by appeal therefrom, or by an original action. Code, § 2353; *Leighton v. Orr*, 44 Iowa, 679.

IV. The last ground of the motion, we presume, is based upon the fact that by the order of probate the personal property bequeathed was required to be held for the use of the testator's widow, and at her death to go to plaintiff. The will, as established by the order of probate, gave the widow the use of the property during her life-time, and at her death directs that the property shall go to plaintiff. The court's order was correct, as the rights of the parties could not have been protected in any other way.

The judgment of the circuit court is

AFFIRMED.