KATE BRUEN PELTON and husband H. S. PELTON, *Appellants,* v. FIRST SAVINGS & TRUST COMPANY OF TAMPA, et al., *Appellees.*

Division B.

Opinion filed October 23, 1929.

Petition for rehearing granted November 5, 1929.

Decree reaffirmed February 8, 1930.

*Palmer, Dickenson, Shurley & Lake,* for Appellants;

*Knight, Thompson & Turner, James F. Glen* and *Whitaker, Himes & Whitaker,* for Appellees.

BUFORD, J.—Frank Bruen, a citizen and resident of Hillsborough County, on the 11th day of March, 1925, executed what purported to be his last will and testament in manner and form meeting the requirements of the law in that regard and on the 5th day of April, 1925, Frank Bruen died, leaving a widow and no children. The widow remarried after the death of Bruen and is one of the appellants here. The will was filed in the County Judge's Court of Hillsborough County, Florida, on the 16th day of April by the executors for probate and an order was made on the same day admitting the will to probate and letters testamentary were issued to First Savings & Trust Company, George H. Bruen and C. E. Webb.

Within twelve months after the probate of the will the widow filed her dissent and prayed the benefit of statutes in such cases made and provided and that she be decreed to have one-half of the entire estate, real and personal, of Frank Bruen, deceased.

An order was made by the County Judge conforming with the prayer of the petitioner and one-half of the estate was set aside and allocated to the widow.

On July 12, 1926, Kate Bruen Pelton, nee Kate Bruen, the widow of Frank Bruen, joined by her then husband,

H. S. Pelton, filed a petition in the County Judge's Court of Hillsborough County for the revocation of the probate of the last will and testament of Frank Bruen, deceased, and after proofs were duly taken and exhibited an order was made by the County Judge, in part as follows:

"IT IS FURTHER CONSIDERED, ORDERED, ADJUDGED and DECREED that the Order heretofore granted in this Court probating the last will and testament of Frank Bruen, deceased, be and the same is hereby revoked and set aside and an intestacy declared, that is to say: That the said Frank Bruen died intestate. IT IS FURTHER CONSIDERED, ORDERED, ADJUDGED and DECREED that the Order heretofore entered by this Court on the 15th day of January, 1926, upon the Petition of Kate Bruen Pelton, joined by her husband, H. S. Pelton, ratifying and confirming the election to take a child's part of said estate be and the same is hereby revoked and set aside.

"IT IS FURTHER CONSIDERED, ORDERED, ADJUDGED, and DECREED that the order heretofore entered by this Court on the 16th day of April, 1926, approving the division of the property of the estate of Frank Bruen, deceased, as reported to the Court, be and the same is hereby revoked and set aside.

"IT IS FURTHER CONSIDERED, ORDERED, ADJUDGED and DECREED that the Executors of the last will and testament of Frank Bruen, which was heretofore probated in this Court, deliver over to Mrs. Kate Bruen Pelton within thirty days from this date all properties, both real and personal, now in their hands as executors of the estate of Frank, Bruen, late of Hillsborough County, Florida, deceased.

"DONE AND ORDERED in open Court in the City of Tampa, Hillsborough County, this 18th day of July, 1927."

From the Order above referred to appeal was taken to the Circuit Court and on final hearing in that Court a final decree was entered in the following language, to-wit:

"This cause coming on to be heard upon the appeal of the First Savings & Trust Company, of Tampa, a corporation, as executor under the last will and testament of Frank Bruen, deceased, joined by the Hillsborough County Humane Society, a corporation, in their own names, and in the names of George H. Bruen and C. E. Webb, as co-executors with the First Savings and Trust Company of Tampa of the last will and testament of Frank Bruen, deceased, from the judgment and decree of the County Judge of Hillsborough County, Florida, rendered on the 18th day of July, 1927, revoking the probate of the last will and testament of the said Frank Bruen, deceased and decreeing that the said Frank Bruen lacked testamentary capacity and was of unsound mind at the time of the execution of the said last will and testament theretofore admitted to probate, and the said appeal having been argued by counsel representing the respective parties and submitted to the Court, and the Court being advised of its judgment in the premises, it is ordered, adjudged and decreed that the said Frank Bruen at the time of the execution of his said last will and testament was possessed testamentary capacity and that the document executed by him as his last will and testament and admitted to probate by the County Judge of Hillsborough County, Florida, was and is the last will and testament of said Frank

Bruen, and that the said judgment and decree revoking the probate of the same, rendered on the 18th day of July, 1927, should be and the same is hereby in all respects reversed and set aside and that the proceedings seeking the revocation thereof shall be and the same are hereby directed to be dismissed.

"It is further ordered, adjudged and decreed that the appellants recover of and from the appellees their costs in connection with this appeal, to be taxed by the Clerk of this Court, as well as their costs in the Court of the County Judge, to be taxed by the said County Judge.

"ORDERED, ADJUDGED and DECREED at Tampa, Florida on this the 13th day of March, 1928."

From this decree appeal was taken which brings this case to the Supreme Court.

The grounds upon which revocation of the order of probate was sought are stated in the petition for revocation, as follows:

"Because for several years prior to the death of said Frank Bruen he had been afflicted with a cancer of the throat which for more than two years prior to his death caused him to suffer the most intense agony, from which he would get no relief except by use of narcotic drugs, which he had been in the habit of using for almost two years, and as time passed and his disease progressed he was forced to use such drugs in a constantly increasing quantity until for more than six months prior to his death he was taking very large and excessive doses of such drugs at frequent intervals throughout the day and night, in spite of

which he continued to suffer intensely from his disease, that Frank Bruen was highly educated, extremely sensitive and mentally alert during the time prior to the ravages of his disease, that by reason of his disposition and temperament his condition prayed on his mind, and with the excessive use of the narcotics taken by him greatly affected his mind to such an extent that for more than six months prior to his death he was unable to concentrate his mind on any subject for longer than a few seconds at a time; that his mind wandered continually during all of the said period of time he was totally incapable, mentally, of knowing, understanding or realizing his duties and obligations, his property of the value of the same, and was totally incapable of transacting his business affairs of any kind, and fully realizing his own condition he had ceased the transaction of business for more than six months prior to his death. That at the time the said document was executed, and for a long time prior thereto, the said Frank Bruen was totally incapable mentally of making a will or understanding the force and legal effect of any document which he might have signed.''

A number of questions of law applicable to cases of this character have been raised and presented in the case at bar. The first question which we shall consider is whether or not the Circuit Judge is clearly shown to have committed error in entering the final decree appealed from in and by holding and decreeing therein ''That the said Frank Bruen at the time of the execution of the said last will and testament was possessed of testamentary capacity and that the document executed by him as his last will and testament and admitted to probate by the County

Judge of Hillsborough County was really the last will and testament of the said Frank Bruen.''

A careful analysis of the proof in regard to this matter as presented here discloses that while there was conflict in the testimony, the decided weight and preponderance of the testimony supports the decree of the Circuit Judge in that regard.

Having arrived at this conclusion, other questions raised become material. In Hamilton v. Morgan, 93 Fla. 311, 112 So. R. 80, this Court, speaking through Mr. Justice TERRELL, say:

"There is a well recognized distinction between testamentary power and testamentary capacity. Testamentary capacity goes to the ability to execute a will; but what passes under it is controlled by law. If the testator comprehends perfectly the condition of his property, his relation to those who would, should or might have been the objects of his bounty, the scope and effect of his will, which comprehends sufficient active memory to collect voluntarily in his mind the complexities of the business to be transacted and keep them in mind long enough to perceive their relation to each other and to form a rational judgment in relation to them, he is said to have mental capacity.''

And further, in the same case it is said:

"The findings of fact by a Probate Judge upon conflicting evidence should ordinarily not be disturbed on appeal to the Circuit Court, where there is ample evidence to sustain the findings; yet where the Probate Judge misapprehended the legal effect of the evidence as an entirety, his finding should not be sustained

merely because there is evidence that is contradicted on which the findings may be predicated."

We may now consider such questions as are apparent upon the face of the record touching the validity of the will.

Under Section 11, Article V, Constitution, the Circuit Courts have "exclusive original jurisdiction in all cases in equity and also in all cases at law, not cognizable by inferior courts * * * and supervision and appellate jurisdiction of matters arising before County Judges pertaining to their probate jurisdiction." The Supreme Court has "appellate jurisdiction in all cases at law and in equity originating in Circuit Courts, and of appeals from the Circuit Courts in cases arising before Judges of the County Courts in matters pertaining to their probate jurisdiction." Section 5, Article V.

The statute provides that: "It shall be the duty of the Court on an appeal or writ of error to examine the record, to reverse or affirm the judgment, sentence or decree of the court below, or to give such judgment, sentence or decree as the court below ought to have given, or as to it may appear according to law." Section 2918, Revised Gen. Stats. 1920, Section 4637, Comp. Gen. Laws 1927.

When a County Judge as a probate court decrees that a will is invalid, for lack of testamentary capacity in the testator, and such decree is on appeal reversed and the will decreed to be valid in the Circuit Court, and on appeal to the Supreme Court the decree of the Circuit Court as to the testamentary capacity of the testator, is affirmed, but it appears on the face of the will that one of its provisions is invalid, as a perpetuity, it is appropriate that the Supreme Court should hear argument as to such partial invalidity of the will and, all parties being before the Court, to "give such decree as the court below ought

to have given'' in the exercise of its ''supervision and appellate jurisdiction'' in probate matters, and in the exercise of its ''exclusive original jurisdiction in all cases in equity, and also in all cases at law, not cognizable by inferior courts.''

In reversing the decree of the County Judge as a court of probate involving the entire validity of the will with all the parties before the court, the Circuit Court in order to terminate the litigation, could appropriately have required arguments as to matters of apparent partial invalidity that appear on the face of the will so as to completely adjudicate the matter. Under the · statute the Supreme Court on appeal should render an appropriate decree in the premises.

It appears on the face of the will that apparently the testator directed an unlawful accumulation in perpetuity of one half of the income from the residuary estate that is vested in trustees and that no beneficiary is designated as to such one half of the income. This being so the proper disposition of such one half of the income should be duly adjudicated.

> ''By the common law of England and of this commonwealth, no estate, legal or equitable, can be created by deed or will, to vest upon the happening of a contingency which may by possibility not take place within a life or lives in being (treating a child in its mother's womb as in being, because in law capable of inheriting) and twenty-one years afterwards.'' 10 Allen (Mass.) 1.

> ''At common law, the power of controlling the rents and profits was co-extensive with the power to dispose of the estate which produced them, the limit of the accumulation of annual income was, the

same as the limit of the creation of future estate; and the enjoyment of the profits could not be suspended for a longer period than the full power of alienating the estate itself. Thellusson v. Woodford, 4 Ves. 227; S. C. 11 Ves. 112 (Southampton v. Hartford, 2 Vesey & Beams 54) ; Hooper v. Hooper, 9 Cush. (Mass.) 122; Thorndike v. Loring, 15 Gray (Mass.) 391. Accumulation even to this extent has been found so inconvenient as to have been still further restrained by statute in England and in some of the United States.'' Odell v. Odell, 10 Allen (Mass.) 1.

In this case the property is devised and bequeathed to trustees in trust for designated ''uses and purposes.'' Assuming that the devise to the trustees is effective to place the title in trust, the question here is the legal effect of the directions as to the use of the income from the residuary estate. The will provides that after particular bequests are satisfied ''one-half of the entire net income arising from my trust estate shall be paid quarterly to the Hillsborough County Humane Society at the discretion and under the control of my executors and trustees'' etc., ''the remaining one-half of the income arising from my estate shall each year be added to and become a portion of the corpus of my estate.''

Conceding that the designation of a beneficiary of ''one-half of the entire net income'' form the residuary estate, is sufficiently definite and that the discretion vested in the trustees as to the uses of such one-half of the net income is legally permissible and effective as a devise to charity, there is no beneficiary of the other half of the income named in the will. The direction that one-half of the income be accumulated and yearly added to the corpus of the estate indefinitely, clearly is void as a perpetuity. As no beneficiary was named for one-half of the net

income, and as the designated beneficiary of the residuary estate is expressly confined to one-half of the net income, the other half of the income that is not bequeathed does not fall into the residuum, but it necessarily goes to the testator's heirs.

The devise is effective to vest the title in trustees, and the initial bequests to individuals and the beneficial interest in one-half of the net income from the residuary estate bequeathed to the humane society, all within the life of or at the death of living persons; but no beneficiary is designated for the other one-half of the yearly income from the residuary estate after satisfying all particular legacies. The direction that one-half of the net income from the residuary estate shall each year be added and become a portion of the corpus of the testator's estate, is illegal because it has no limit as to time and it requires accumulations in perpetuity contrary to the principles of the common law that are in force in this State.

The testator's widow having elected under the statute to take a child's part in lieu of the provision made in the will for her during her life, and one-half of the estate, that being her portion, having been set apart to the widow in full property, Harrell v. Harrell, 8 Fla. 46; Benedict v. Wilmarth, 46 Fla. 535, 35 So. R. 84, the remaining one-half of the estate, after such allotment to the widow, is subject to the devise to the named trustees in trust; and after the specific initial bequests are all satisfied, one-half of the yearly net income of the residuary estate should "be paid to the Hillsborough County Humane Society at the discretion and under the control of" the trustees, while the other half of the yearly net income from such residuary estate, not being devised or bequeathed, and being directed to be illegally accumulated, fails; and such one-half of the income from such residuary

estate after all initial legacies are satisfied, should be paid to the testator's widow as his sole heir, he having no children, it being the intent of the will that the named beneficiary of the ultimate residuary devise shall have only one-half of its yearly net income, and there being no bequest as to the other half of the income from the residuary estate. The disposition of the corpus of the trust property is a matter for equitable adjudication.

The decree should therefore be reversed with directions that a decree be made and entered not inconsistent with this opinion and it is so ordered.

Reversed.

WHITFIELD, P. J., AND STRUM, J., concur.

TERRELL, C. J., AND ELLIS AND BROWN, J. J., concur in the opinion and judgment.