Rosa Lee Holsey, *et al.*, v. Atlantic National Bank of Jacksonville, as Executor of and Trustee under the Last Will and Testament of George H. Jones, Deceased.

155 So. 821.

Opinion Filed June 25, 1934.

*Walter F. Rogers* and *S. D. McGill,* for Appellants;

*Long & Kelly* and *Allan Bryan,* for Appellee.

Whitfield, J.—The Atlantic National Bank of Jacksonville, as executor and trustee under the will of George H. Jones, deceased, brought a bill of complaint to obtain an interpretation of the will of its testator.

After making specific bequests and directions, the will contains the following:

"I give, devise and bequeath all of the rest, residue and remainder of my property, real, personal or mixed, in possession or in action, and wherever situate, whether now or hereafter acquired by me, and including the proceeds of all insurance policies payable to my estate and/or my personal representatives, unto The Atlantic National Bank of Jacksonville, Florida, a corporation, as Executor and Trustee of

and under this my Last Will and Testament, but in trust, for the following uses and purposes, to-wit: * * *

"(d) After the payment of the amounts hereinabove specified, I direct that said Trustee shall devote the remainder of the net income and profits from said trust estate to scholarships for worthy young colored men residing in the City of Jacksonville, to be selected by said Trustee in such manner as it sees fit, and subject to its sole discretion. Any sum or sums used by said Trustee for such purpose shall be by making loans to such young men in such amounts as said Trustee may deem advisable for the purpose of enabling them to attend such schools or colleges as the borrower and the Trustee shall decide, such loans to be represented by promissory notes from said borower to said Trustee for the amount or amounts of any such loans payable at such times and in such manner as said Trustee shall deem advisable to fully effect the intent and purpose of this provision of my will. The said funds so used by said Trustee shall be known as the George H. Jones Trust Fund and shall be used in such manner and in such amounts as my said Trustee shall in its discretion determine to be expedient and proper. * * *

"Said Trust shall continue for the period of thirty (30) years following the date of my death and upon the expiration of said period said trust shall cease and determine and said Trustee shall thereupon divide and distribute said trust estate, together with any and all increase or accruals thereto, in the following manner:

"(a) Said trust estate and any increase therof shall in the discretion of said Trustee be divided by it in kind or converted into cash for the purpose of division, but it is my desire that division shall be made so far as the money may be practicable.

"(b) All of the said trust estate shall be divided into four (4) equal parts and conveyed, assigned or otherwise transferred by good and sufficient deeds, bills of sale or other instruments, unto Rosa Lee Holsey, Arthur Walker, Mattie Audfield, and Arthur Glover, share and share alike, in fee simple forever. If any of said beneficiaries sharing in the final distribution of said estate shall die prior to the division thereof, I direct said Trustee to convey, assign or otherwise transfer the share of any such deceased beneficiary to the children of any such deceased beneficiary, said children to take *per stirpes* the share of the deceased parent. In the event any of said beneficiaries shall die prior to the final division and distribution of said trust fund, leaving no children then surviving, then the share and interest of any such deceased beneficiary shall revert to said trust estate for division among the remaining beneficiaries in equal shares or to the children of any such deceased beneficiary as hereinabove described. * * *

"I hereby nominate and appoint the Atlantic National Bank of Jacksonville, a corporation, as Executor and as Trustee of and under this my Last Will and Testament."

The court sustained the will and gave directions for the execution of the trusts as provided in the will. Defendants appealed.

"Appellants contend that the trust is void because (1) the trust is too indefinite, (2) a trust for thirty years for *accumulations* is void, (3) and because the trust violates the rule against perpetuities."

The provision of the will that "After the payments of the amounts hereinabove specified, I direct that said trustee shall devote the remainder of the net income and profits from said trust estate to scholarship for worthy young colored men residing in the city of Jacksonville, to be

selected by said trustee in such manner as it sees fit, and subject to its sole discretion," is not so indefinite as to be incapable of execution as the testator directed. It was his property to dispose of as he desired, for any purpose not contrary to law. He indicated as a class the intended beneficiaries of his bounty and designated the trustee who is to exercise its own discretion in selecting the members of the specified class of individuals of the testator's own race, viz., "worthy young colored men residing in the City of Jacksonville." While living he could have selected the objects of his generosity by his own act or through the absolute discretion of an agent, and no law or public policy denies him the right by will to have such beneficiaries chosen by a selected trustee after his death. The designation "worthy young colored men" obviously means young men of the negro race. As the testator was a negro it was natural and commendable that he should desire to aid worthy young men of his race in securing an education; and it is not unlawful for him to devise property to a trustee and to provide that the objects of his bequest of income from such property should "be selected by said trustee in such manner as it sees fit, and subject to its sole discretion."

The residuary devisees have no right to complain of the pre-existing trust provisions of the will when they are not unlawful, and are not so administered as to deprive such residuary devisees of the estate the testator intended them to have. The worthy young colored men to compose the class who may be beneficiaries of the preceding trust can be legally selected as a practical matter by the trustee with such definiteness as was intended by the testator when he left such selection to the "sole discretion" of his chosen and duly appointed executor trustee.

The estate vested in the executor trustee upon the death

of the testator. The bequest of income to be devoted to securing scholarships for worthy young colored men is in its nature and purpose a charitable trust. It is not to continue longer than thirty years from the death of the testator, when the residuary devisees take the property in possession. There is manifestly no violation of the rule against perpetuities either as to the accumulations or as to the vesting of estates. There are no unreasonable restraints upon alienation of the property, since the ultimate beneficiaries take estates in fee simple at the expiration of thirty years from the death of the testator, during which time a permissible charitable trust covers the income from the trust estate not otherwise disposed of by the will.

In Pelton v. First Savings & Trust Co., 98 Fla. 748, 124 Sou. 169, the accumulation of half the income from the residuary estate under the will, was to be without limit as to time, and therefore invalid.

The decree appealed from retained jurisdiction of the cause for the purpose of making such further orders and decrees as may be necessary in the premises. No errors in the detail provisions of the decree are made to clearly appear, and should the detail orders made require modification for the execution of the intendments of the will under the law applicable thereto, the chancellor is authorized to so proceed.

Affirmed.

DAVIS, C. J., and ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.