IOWA FEDERATION OF WOMEN'S CLUBS, Appellee, v. RUTH L. DILLEY et al., Appellants.

No. 46432.

FEBRUARY 8, 1944.

J. A. Ralls and R. R. Nesbitt, both of Des Moines, for appellants.

Neiman & Neiman, of Des Moines, for appellee.

OLIVER, J.—The notes were made in 1936 and 1937, for $125 and $75 respectively, were negotiable, and provided for interest

at three per cent to maturity and six per cent thereafter. They were made by Charles Bernstein, Ruth L. Dilley, and Irma Mauller, to Des Moines Federation of Women's Clubs, for money loaned from its scholarship fund to aid Miss Mauller to secure an education. In 1940 said Des Moines Federation gave the notes to Iowa Federation of Women's Clubs, and in 1943 the latter brought this action against the three makers of the notes. Judgment by default was rendered against Miss Mauller. Trial to the court resulted in judgment against Bernstein and Mrs. Dilley from which they have appealed.

I. Appellants' answer asserted Des Moines Federation of Women's Clubs was without authority to lend its money or to charge interest and that the notes were ultra vires and void. The refusal of the trial court to so hold is assigned as error.

Des Moines Federation of Women's Clubs was organized in 1923, under chapter 394, Code of Iowa (now) 1939, as a corporation not for pecuniary profit. Its articles recite its object and purposes are to become the successor to an unincorporated association of the same name and to unite the organizations of Des Moines that they may co-operate in promoting civic, educational, and moral progress. The articles state it shall have all the powers and privileges that corporations not for pecuniary profit may have under the laws of Iowa. The power to lend money is neither expressly assumed nor prohibited.

It is a well-recognized rule that a corporation has the implied and incidental powers to do whatever is reasonably necessary to effectuate the powers expressly granted and to accomplish the purposes for which it was formed, if such acts are not prohibited by law or its charter. 13 Am. Jur. 772, section 740. In Thompson v. Lambert, 44 Iowa 239, 243, the declared objects of a nonprofit corporation were " 'the improvement of agriculture, horticulture,' " etc. The power to borrow money was neither assumed nor prohibited. It was held this power existed if it was necessary in order to effectuate the purposes of the corporation.

Code section 8583 provides that a corporation not for pecuniary profit may take real and personal property appropriate to its creation. Obviously, this contemplates the use of said property for such appropriate purposes. Of course, said statute

does not empower such corporation to engage in the business of lending money, as such. But the establishment of a scholarship loan fund and the making of educational loans to individuals therefrom is an appropriate use of the property of a corporation not for pecuniary profit, organized to promote civic, educational, and moral progress.

Nor would the charging of interest for the use of the money necessarily make the acts ultra vires. Many corporations not for pecuniary profit receive earnings from their properties. A nonprofit corporation may properly engage in such activities as are fairly and reasonably incidental to its principal purpose even though some earnings may accrue therefrom. It is not contended that any individual pecuniary benefits could reasonably have been expected to accrue to members of Des Moines Federation of Women's Clubs from such membership. See Southerland v. Decimo Club, 16 Del. Ch. 183, 142 A. 786. The gift of the unpaid notes to the scholarship fund of Iowa Federation of Women's Clubs indicates the absence of the profit motive on the part of the Des Moines Federation. The nature of the loans, rate of interest, and other circumstances lead us to conclude the scholarship loans were benevolent in character rather than for the purpose of profit. The record sustains the holding of the trial court that the loan was not ultra vires.

But if appellants had established said asserted claim of ultra vires it would have availed them nothing. Appellee pleaded that, having induced the loan of the money by executing the notes, appellants were estopped to plead such defense. The contract was fully executed by the lender. It is the rule that under such circumstances the borrower cannot successfully assert the defense of ultra vires. Banker's Mut. Cas. Co. v. First Nat. Bk., 131 Iowa 456, 108 N. W. 1046; Thompson v. Lambert, supra, 44 Iowa 239; Howe Machine Co. v. Snow, 32 Iowa 433; Vermont Farm Mach. Co. v. De Sota Co-op. Creamery Co., 145 Iowa 491, 122 N. W. 930.

II. The records of Des Moines Federation of Women's Clubs show that at a meeting of the board of directors in September 1940, a motion was made to rescind Rule 3 (apparently relating to scholarship loans) and:

"\* \* \* that the outstanding notes of the Scholarship Loan Fund be given to the Scholarship Loan Fund of the Iowa Federation of Women's Clubs and the loan funds on hand be transferred to our savings account—($519.25).

"The presidents and delegates of the clubs were then instructed to explain the proposal to their respective clubs and receive instructions as to how to vote on the question at the next regular Federation meeting."

At the next regular meeting the motion was adopted with an added provision that the borrowers be notified. Then the treasurer of Des Moines Federation of Women's Clubs endorsed and delivered the notes to Iowa Federation of Women's Clubs.

Appellants contend the treasurer was not authorized to endorse and deliver the notes. The bylaws of the corporation require the treasurer to collect, hold, disburse, and account for all funds of the corporation. Presumably, the notes were in her custody. In the absence of specific directions by the board of directors it would seem that the treasurer was impliedly authorized and directed to complete the transfer ordered by the board.

III. Appellants also pleaded and now contend that the act of the board of directors in donating the notes was ultra vires and that it was not consented to by all the members of Des Moines Federation of Women's Clubs. There is no suggestion of fraud or bad faith in connection with the gift or that any director did not refer the proposed action to her club or did not vote as instructed by it.

One purpose of Des Moines Federation of Women's Clubs was the promotion of educational progress. The establishment and use of its scholarship loan fund was a benevolent activity. It is fair to assume the reason for the transfer was that its directors and the members of the various clubs in said Federation concluded this benevolent activity could be administered more advantageously through the scholarship loan fund of Iowa Federation of Women's Clubs. However, it is unnecessary to determine whether or not the acts of the board of directors in connection with the donation were in all respects regular. Des Moines Federation of Women's Clubs is not a party to this action. The maker of a promissory note executed to a corporation

cannot defeat an action on the note by one holding the same as an endorsee on the ground that the transfer was ultra vires, at least, in the absence of notice to the holder of the want of power of the corporation to assign or transfer it. Nor does the fact that the maker is a member of the corporation to which the note was originally made alter the rule. Farmers & Merchants State Bank v. Rush, 165 Minn. 121, 205 N. W. 951, 45 A. L. R. 1507; Ehrman v. Union Central Life Ins. Co., 35 Ohio St. 324; 13 Am. Jur. 793, section 765; annotation 45 A. L. R. 1509; Bellows v. Todd, 39 Iowa. 209, 218. The reason usually given is that the maker of the note is interested only in paying it to someone authorized to receive payment and discharge him from liability. Having enjoyed the full benefit of the contract, he should not be permitted to repudiate its burden by a collateral attack for the want of power in the corporation to whom it was made to transfer it. Hence, appellants' plea, if established, would not constitute a defense to this action.

Of the remaining assigned errors some have been examined and found without merit, the others refer to defenses which will not be considered because not pleaded in the trial court.—Affirmed.

All Justices concur.