In the Matter of the Construction of the Will of CLIFFORD W.
MORGAN, Deceased.

Surrogate's Court, Monroe County, September 24, 1951.

*William L. Clay* and *Kermit E. Rice* for Helen I. Palmer,
petitioner.

*Nathan Relin* for Willis E. Whitcomb and another, executors
and trustees under the will of Clifford W. Morgan, deceased,
respondents.

WITMER, S.   Construction is sought herein of paragraph
" Fifth " of testator's will in which he provided that the
remainder of his estate be used in the creation of a charitable
trust for educational purposes.   Petitioner, as distributee, con-
tends that no valid trust is created by said paragraph and that
the residue of the estate passes as intestate property.   The
testamentary provision in question is as follows: " Fifth.   All
the rest, residue and remainder of my estate, both real and
personal, I give and bequeath to Willis E. Whitcomb of 96
Oakdale Drive and Jonas P. Relin of 107 Oakdale Drive, Roches-
ter 7, New York, in trust, however, for the following purposes:
My trustees are to convert my estate into cash and may invest
and re-invest the same in such securities or deposits as they
deem best.   They are to establish with this my trust fund which,
at their discretion, is to be loaned to such person or persons as
they deem worthy for the purpose of using the money for tuition
or school expense of persons residing in the County of Monroe
in connection with education beyond high school.   These loans
are to be repaid to the trust at such rate of interest and at such
rate of payment as the trustees may see fit in each individual
case. "

The Restatement of the Law of Trusts (§ 348) defines a charitable trust as follows: " A charitable trust is a fiduciary relationship with respect to property arising as a result of a manifestation of an intention to create it, and subjecting the person by whom the property is held to equitable duties to deal with the property for a charitable purpose."

In sections 368 and 370, said Restatement defines " charitable purpose " as including education. The State of New York is in accord with these provisions of the Restatement of the Law of Trusts, and has long declared the validity of gifts in trust for educational purposes. (Personal Property Law, §§ 12, 13; Real Property Law, § 113; *Matter of Everson,* 268 App. Div. 425, affd. 295 N. Y. 622; *Matter of Davidge,* 200 App. Div. 437; *Matter of Lewis,* 199 Misc. 463; 3 Scott on Trusts, §§ 348, 370, 370.1; and see Scott on the History of Charitable Trusts in New York, Report of New York State Bar Assn., 1951, pp. 100–116.)

The purpose of the trust in question is the loaning of funds to such persons residing in Monroe County as the trustees deem worthy for tuition or school expenses in connection with advanced education. A limitation of the class of beneficiaries to persons within the county of Monroe does not affect the validity of the trust. (*Matter of Antoni,* 186 Misc. 988; 3 Scott on Trusts, § 370.6.) Nor does the fact that the persons receiving the benefits must repay the same with interest affect the validity of the trust. (*Matter of Davidge, supra;* Restatement, Trusts, § 370, comment d; 3 Scott on Trusts, § 370.5.)

It is held, therefore, that paragraph " Fifth " of the will herein creates a valid charitable trust for the persons specified therein.

Submit decree accordingly.