IN RE ESTATE OF FRANK GILMAN PIERCE.

No. 48326.

(Reported in 60 N.W.2d 894)

24

November 17, 1953.

Messer, Hamilton & Cahill and Edward L. O'Connor, all of Iowa City, for objectors-appellants.

R. A. Rockhill, of Marshalltown, for executor-appellee.

GARFIELD, J.—Frank G. Pierce, a resident of Marshalltown, Marshall County, died January 23, 1947, leaving a spouse and collateral heirs. His will bequeathed a life estate in all his property to his wife and subject thereto created a trust therein to assist boys and girls in Marshalltown to secure an education. The bank which was nominated executor in the will petitioned the district court for probate.

As authorized by section 633.20, Code, 1950 (all Code references herein are to that Code), the clerk of the district court prescribed notice of the time fixed for probate of the will by one publication in the Times-Republican, a daily newspaper printed in Marshalltown, and posting in three public places in Marshall County. Such notices were given. The will was ad-

mitted to probate and the bank named in the will was appointed executor February 8, 1947. Notice of appointment of executor was duly published in the Marshalltown Times-Republican.

The clerk's right to prescribe notice of probate is recognized in In re Will of McKinstry, 204 Iowa 487, 215 N.W. 497; In re Estate of Price, 230 Iowa 1228, 1235, 300 N.W. 542, 545; Hoover v. Hoover, 238 Iowa 88, 92, 26 N.W.2d 98, 100.

May 19, 1951, the executor filed its final report to which nine heirs (nephews, nieces, grandnephews, and a grandniece) filed objections and "petition for relief" which assert the order admitting the will to probate and the entire probate of the estate are void because it is said the published and posted notices of probate were insufficient to confer jurisdiction on the court and for other reasons. Following a hearing in August 1952, the district court overruled the objections, denied the petition for relief and approved the final report. From this order objectors have appealed.

I. Objectors assign error in the trial court's holding the clerk's order for notice of probate did not violate due process of law because objectors' names and addresses were known or could easily have been discovered and they were entitled to better notice than one by publication and posting.

Objectors strongly rely upon Mullane v. Central Hanover Bank & Trust Co., 339 U. S. 306, 70 S. Ct. 652, 94 L. Ed. 865, where a New York statute providing for notice by publication to beneficiaries of a common trust fund of a trust company's petition for settlement of its accounts is held to violate due process as to beneficiaries whose whereabouts are known. For discussion of the Mullane decision see Van Gundy v. Van Gundy, 244 Iowa 488, 491, 492, 56 N.W.2d 43, 45; note by Marvin C. Hayward, 36 Iowa Law Review 47; note 37 Id. 74.

We think the Mullane decision does not require a holding that the order for notice and likewise Code section 633.20 which authorizes such a notice, as well as the admission of the will to probate, were void for lack of due process. We perceive a vital distinction in effect between the decree rendered on published notice in the Mullane case and the order admitting this will to probate.

26

"The effect of this [Mullane] decree, as held below, is to settle 'all questions respecting the management of the common fund.' We understand that every right which beneficiaries would otherwise have against the trust company * * * for improper management of the common trust fund during the period covered by the accounting is sealed and wholly terminated by the decree." (Page 311 of 339 U. S., page 655 of 70 S. Ct., pages 871, 872 of 94 L. Ed.)

 The order admitting the Pierce will to probate has less far-reaching effect. Kelly v. Kelly, 158 Iowa 56, 59, 138 N.W. 851, 852, quotes this with approval from Lorieux v. Keller, 5 (Clarke) Iowa 196, 201, 68 Am. Dec. 696, 699: "Rights of a party claiming a distributive share in his ancestor's estate are not concluded by the order of the court admitting the will to probate. Such party may still, by proper proceedings, have the question, of his right to a portion of his ancestor's estate, determined. The admission of the will decides no question but its due execution and publication."

To the same effect see In re Will of Tinsley, 187 Iowa 23, 27, 174 N.W. 4, 11 A. L. R. 826, and citations; Maloney v. Rose, 224 Iowa 1071, 1075, 277 N.W. 572.

Kelly v. Kelly, supra, also states (page 61 of 158 Iowa, page 853 of 138 N.W.): "In short, the accepted doctrine in jurisdictions having statutes similar to our own appears to be that admission of a will to probate originally without contest is a preliminary order or judgment which effects a prima-facie establishment of the instrument, and gives the court and executor authority to proceed with the administration and settlement of the estate, but does not operate to cut off the right of contest in an original action within the statutory period of limitation. This court is, as we have already seen, committed to that construction of the statute * * *."

The language just quoted is also found in In re Estate of Price, supra, 230 Iowa 1228, 1233, 1234, 300 N.W. 542, 545. It is also repeated in In re Estate of Huston, 238 Iowa 297, 303, 27 N.W.2d 26, 30, which holds an order of probate constitutes an adjudication the instrument is the will of decedent "until set aside by an original or appellate proceeding" as contemplated by Code section 633.38. Kelly v. Kelly, supra, expressly

overrules Gregg v. Myatt, 78 Iowa 703, 42 N.W. 461, 43 N.W. 760, which objectors cite several times. See also In re Estate of Price, supra, and Edwards v. Smith, 238 Iowa 1080, 1084, 29 N.W.2d 404, 406, 175 A. L. R. 1318, 1322.

The property right of which objectors say they were deprived without due process by the order of probate on published and posted notice is the right to contest the will. It is clear objectors were not deprived of such right by the order of probate— they could institute original proceedings to set aside the order at any time within two years from the time the will was filed for probate and notice thereof given. Code sections 633.38, 614.1, paragraph 3; In re Estate of Huston, supra, 238 Iowa 297, 299, 27 N.W.2d 26, 28; Blakely v. Cabelka, 207 Iowa 959, 966, 221 N.W. 451; Kelly v. Kelly, supra, 158 Iowa 56, 59, 138 N.W. 851. Such original proceedings are frequently resorted to by heirs dissatisfied with terms of a will.

We also see a clear distinction between the interests of the beneficiaries in the Mullane case and the interests of these objectors in the Pierce estate. The former were the equitable owners of the trust property. These objectors acquired no interest under the will. Their only interest in the estate was contingent upon successful contest of the will or at least the invalidation of the charitable trust in the remainder. The Mullane case says, "Nor do we consider it unreasonable for the State to dispense with more certain notice to those beneficiaries whose interests are either conjectural or future * * *." (Page 317 of 339 U.S., page 659 of 70 S.Ct., page 875 of 94 L. Ed.)

Up to now we have upheld orders of probate upon published notice pursuant to our statute. Farrell v. Leighton, 49 Iowa 174; In re Will of Middleton, 72 Iowa 424, 34 N.W. 193. See also Blakely v. Cabelka, supra, 207 Iowa 959, 966, 221 N.W. 451; Edwards v. Smith, supra, 238 Iowa 1080, 1084, 1085, 29 N.W.2d 404, 406, 175 A.L.R. 1318, 1322. These decisions accord with many in other jurisdictions. 57 Am. Jur., Wills, section 837, says, "* * * personal service of process upon all parties interested is not essential to jurisdiction. Effective notice may be given by publication." To the same effect is 68 C.J., Wills, section 713; 2 Page on Wills, Lifetime Ed., section 597, page 126;

In re Estate of Sieker, 89 Neb. 216, 131 N.W. 204, 35 L.R.A., N.S., 1058, and note 1058–1060; In re Will of Horton, 217 N.Y. 363, 111 N.E. 1066, Ann. Cas. 1918A 611.

To set aside as void the admission of this will to probate on the ground that published and posted notice, as authorized by Code section 633.20, violated due process would put in jeopardy countless similar orders and real-estate titles. Obviously we should not reach a decision with such far-reaching implications unless objectors' right thereto is clear. See In re Estate of Price, supra, 230 Iowa 1228, 1235, 1236, 300 N.W. 542, 546.

We hold admission of a will to probate on published notice pursuant to Code section 633.20 is not a violation of due process.

II. It is contended the order for notice of probate is void because it is said not to have been entered on the records of the court and rule 227, Rules of Civil Procedure, requires such entry. It is sufficient answer to this contention that it does not appear the order was not so entered. See in connection with this claimed error Hoover v. Hoover, supra, 238 Iowa 88, 91, 26 N.W.2d 98, 100.

III. Objectors' errors 2, 3 and 4 attack as void for various reasons a probate order made in August 1947 authorizing the executor to bring suit for declaratory judgment construing the will and the decree therein (July 1948) upholding the validity of the charitable trust. We consider the principal contentions urged in somewhat different order than that followed in the arguments.

The executor was apparently in doubt as to the validity of the charitable trust in the remainder of the estate and deemed it necessary to seek a declaratory judgment respecting it. The probate court authorized such an action and the executor brought it in equity. In late January and early February 1948 eight of the nine objectors were personally served in this state with original notice of the action. Several objectors then consulted Mr. Tye, an experienced Marshalltown attorney, whose firm appeared for six of the objectors in the construction action and made defense thereto.

Objectors contend the original notice in the will construction suit was insufficient to confer jurisdiction on the court

because it recites "no personal judgment is asked against any defendant." It is argued the construction action was in personam, not in rem, and the recital was therefore deceptive. We deem it unnecessary to consider whether the action was in personam or in rem but are content to hold this recital in the notice did not deprive the court of jurisdiction nor render the will construction suit fraudulent, as objectors assert.

No other criticism is made of the contents of the notice. It contains a full statement of the cause of action and the relief demanded and otherwise complies with rule 50, Rules of Civil Procedure. There is no indication any objector was deceived by the recital complained of. We are not prepared to say it was improper. In any event it was not fatal to the court's jurisdiction.

Of course the six objectors who appeared in the construction suit thereby submitted to the court's jurisdiction even if no notice had been served upon them. We do not overlook testimony of some of the objectors designed to show Mr. Tye was not authorized to appear for them. However, the trial court found against this contention. Since the action is in probate and the finding is supported by substantial evidence it is conclusive upon us. This matter is not reviewable de novo here but only upon the errors assigned. Rule 334, Rules of Civil Procedure; In re Estate of Lorenz, 244 Iowa 338, 339, 56 N.W.2d 884, 886, and citations.

IV. Error is asserted in the trial court's holding that the probate court properly authorized the executor to bring the will construction suit in equity and that bringing the suit in equity, not in probate, was a mere matter of procedure which did not affect the court's jurisdiction. We find no error here.

Objectors were all parties to the construction suit and made no motion to transfer it to probate. It is of course unnecessary to decide whether such a motion, if made, should have been sustained. We may observe, however, "Even those courts which take the position that equity will not entertain jurisdiction of a suit brought solely to obtain construction of a will recognize an exception to this principle where the will involves a trust * * *." 57 Am. Jur., Wills, section 1025.

To the same effect is 69 C.J., Wills, section 1969; 4 Page on Wills, Lifetime Ed., section 1602. See also Borchard, Declaratory Judgments, Second Ed., page 144. We have held a suit in equity for construction of a will involving a trust is proper. Roberts v. Roberts, 231 Iowa 394, 400, 1 N.W.2d 269, 272; Wintermute v. Heinly, 81 Iowa 169, 47 N.W. 66. See too In re Estate of McAllister, 191 Iowa 906, 911; 183 N.W. 596. And Wright v. Copeland, 241 Iowa 447, 450, 41 N.W.2d 102, 104, holds it was error to dismiss an action in equity for construction of a will where no trust was involved.

In any event, bringing the construction suit in equity, not in probate, was a mere matter of procedure which did not affect the court's jurisdiction. The only remedy for improperly bringing an action in equity, rather than in probate, is a motion to transfer to the proper docket. Since no such motion was made in the construction suit, objectors cannot now complain that the suit was brought in the wrong forum, if it were so brought.

Time and again we have pointed out there is but one court of general jurisdiction in Iowa—the district court. Before it all proceedings come, whether law, equity or probate. The remedy to which a litigant is entitled may be awarded in utter disregard of its place on the calendar unless objection thereto is raised by motion to transfer to the proper docket. If no such motion is made any error in the kind of proceedings adopted is waived. Code sections 611.7, 611.8, 611.9 and 611.12.

Some of the many decisions which support the views just expressed are Williams v. Morrison, 242 Iowa 1054, 1062, 1063, 48 N.W.2d 666, 670; In re Estate of Wissink, 242 Iowa 441, 445, 46 N.W.2d 717, 720; Wright v. Copeland, supra, 241 Iowa 447, 450, 451, 41 N.W.2d 102, 104 (a suit in equity for construction of a will); In re Guardianship of Damon, 238 Iowa 570, 573, 28 N.W.2d 48, 50; Jennings v. Schmitz, 237 Iowa 580, 585, 20 N.W.2d 897, 900, 901, and citations.

V. Objectors urge several other grounds in support of their claim the decree construing the will is void. It is said no actual justiciable controversy that would justify the action was alleged or shown; the court was without power to give legal advice on moot questions raised by the executor in the construction suit; the executor had no such interest in the estate as would entitle

him to maintain the action; since the life tenant (widow) was still alive the action was prematurely brought; the attorney general should have been made a party because the validity of an alleged charitable trust was involved.

It is a practical impossibility to mention all the contentions advanced under the 54 brief points in support of objectors' second assigned error but the above seem to be the principal matters urged. We hold the decree construing the will is not void upon any of these grounds urged by objectors.

■ It is true declaratory relief will not ordinarily be granted where there is no actual or justiciable controversy between the parties and a mere advisory opinion is sought. Likewise courts frequently decline to pass upon remote, future or contingent rights which may never arise, at least where there is no present need for determination or, because of absence of parties or otherwise, the determination may not be final. Katz Investment Co. v. Lynch, 242 Iowa 640, 647, 47 N.W.2d 800, 805, and citations; 37 Iowa Law Review 119; Borchard, Declaratory Judgments, Second Ed., page 410.

Rules 261 to 269, Rules of Civil Procedure, authorize actions for declaratory judgments. Rule 262 provides in part, "Any person interested in a * * * will * * * may have determined any question of the construction or validity thereof or arising thereunder, and obtain a declaration of rights * * * thereunder." Rule 264 states, so far as here pertinent, "Any person interested as * * * executor * * * in the administration of a trust or the estate of a decedent * * * may have a declaration of rights or legal relations in respect thereto: * * * (c) To determine any question arising in the administration of the estate, * * * including questions of construction of wills * * *."

■ The above rules are remedial and should be given a reasonably liberal construction. State v. Central States Elec. Co., 238 Iowa 801, 819, 28 N.W.2d 457, 466; Katz Investment Co. v. Lynch, supra, 242 Iowa 640, 647, 47 N.W.2d 800, 804, 805, and citations; Melsha v. Tribune Publishing Co., 243 Iowa 350, 352, 51 N.W.2d 425, 427. Rules 262 and 264, especially 264, plainly authorize such an action as the probate court directed the executor to bring.

It was important to the executor and the objectors to have determined the validity of the trust in the remainder of the estate. If it was valid the executor's duty was to conserve the property and turn it over to the trustees upon termination of the life estate. If it was invalid the property descended as intestate property to testator's heirs subject only to the life estate. Objectors were made parties to the suit and several of them litigated the validity of the trust. The district court felt it was proper to entertain the equity suit.

The decree construing the will would not be void merely because the action was prematurely brought, if such were the fact. However the executor was not compelled to wait until the life tenant died to seek declaratory relief. (The widow died December 2, 1950.) It had a tangible present interest in having the validity of the trust determined and a useful purpose was served by such determination. Katz Investment Co. v. Lynch, supra, 242 Iowa 640, 646–649, 47 N.W.2d 800, 804–806, and citations, amply support the conclusions just stated. See too 57 Am. Jur., Wills, section 1032, page 668: "* * * executors * * * are generally regarded as entitled to bring an equitable action for instructions, in which a construction of the will in question may be obtained, at least with respect to wills involving trusts." To like effect is 69 C.J., Wills, section 1995.

Perhaps it would have been proper, as the executor concedes, to have made the attorney general a party to the will construction suit since the validity of a charitable trust of a public character was the primary question involved. In re Estate of Owens, 244 Iowa 533, 538, 57 N.W.2d 193, 195, and citations. However, it is clear that failure to make him a party was not prejudicial to objectors or the public nor did it render the decree void.

If the attorney general had been a party it would have been his duty to try to uphold the charitable trust for the public good. The objectors were and are interested in defeating the trust. Thus failure to make the attorney general a party left objectors with one less adversary. Since the decree upholds the trust, the public interest did not suffer from failure to make the attorney general a party.

VI. The trial court did not err in holding there was no actual or constructive, extrinsic fraud or breach of fiduciary relationship on the part of the executor in procuring the decree construing the will. We have already said the construction suit was not rendered fraudulent by the recital in the original notice "no personal judgment is asked against any defendant." It is also argued the executor "controlled both sides of this artificial contest", Mr. Tye put forth only a token contest as attorney for the objecting heirs and it was the executor's duty to represent the heirs as well as the alleged beneficiaries of the trust.

The trial court's finding there was no actual or constructive fraud in connection with the construction suit is fully justified by the evidence and is conclusive upon us. (See Division III hereof.) To warrant setting aside a decree because of extrinsic fraud the claimed fraud must be clearly shown. In re Estate of DePenning, 244 Iowa 690, 701, 58 N.W.2d 9, 14, and citation; Reimers v. McElree, 238 Iowa 791, 797, 28 N.W.2d 569, 572. See also Shaw v. Addison, 236 Iowa 720, 732, 18 N.W.2d 796, 802; 49 C.J.S., Judgments, section 393c(2). There is no such showing here.

The executor was not guilty of any breach of duty toward objectors in bringing the equity suit. As previously explained, objectors were not beneficiaries under the will. The executor made them parties to the construction suit, at least the eight objectors who were personally served with notice had full opportunity to litigate the validity of the trust in that suit and six of them did so.

Reimers v. McElree, supra, 238 Iowa 791, 28 N.W.2d 569, and citations, fully support our holding in this division.

VII. We have said eight of the nine objectors were personally served in this state with original notice of the suit for construction of the will. The remaining objector, Daniel Pierce, was a resident of California whose address was known to the executor. Daniel was served only by publication as authorized by rule 60(e), Rules of Civil Procedure, prior to the adoption in 1951 of rule 60.1. It is claimed the decree construing the will is void as to Daniel because published notice of the suit did not satisfy the requirements of due process. Reliance at this point is upon Mullane v. Central Hanover Bank & Trust Co., supra,

339 U.S. 306, 70 S. Ct. 652, 94 L. Ed. 865, discussed in Division I hereof.

We find it unnecessary to determine this claim. If it be conceded, without so holding, Daniel may relitigate, as he is attempting to do in the present action, the validity of the charitable trust created by the Pierce will, he is entitled to no relief.

As previously stated, the will bequeaths a life estate in all testator's property to his wife. Upon her death the remainder of the estate is bequeathed in trust to five trustees living in Marshalltown. The will then goes on to provide:

" 'I will that the income from the trust shall be used for purposes of education of boys and girls, who have lived in Marshalltown, Iowa, at least, the ten last preceding years, and shall be used to assist such children through the high school or the junior college in Marshalltown, or to secure a business course in the public schools of Marshalltown or for securing a regular college course, including professional courses, in some university or college in Iowa, but shall not be used for any post graduate work.

" 'I will that the money shall not be given to anyone, but that the money shall be loaned to persons desiring an education, with the agreement that such loans shall be repaid within ten years from date of the loan, together with interest, at not less than two per cent less than the rate at which commercial loans are made by the local banks. In case help is extended to minors, the parents of such minors, as well as the minors, shall sign any note or other obligation to secure any loan.

" 'I will, that all other things being about equal, that children of widows, and women who work regularly to support or help support their own children, be given aid first, then any deaf minors be given assistance in securing such an education as will make them self-supporting, and the remaining income, if any, be used to help others.' "

It is said the will violates the rule against perpetuities and Code section 558.68 which provides: "Every disposition of property is void which suspends the absolute power of controlling the same, for a longer period than during the lives of persons then in being, and twenty-one years thereafter." If the bequest

of the remainder of the estate is for a charitable purpose, and we hold it is, the rule against perpetuities and Code section 558.68 do not apply. In re Estate of Small, 244 Iowa 1209, 1224, 1225, 58 N.W.2d 477, 484, 485, and citations.

 It is contended the trust is void because it is said the equitable title to the remainder is not *given* to anyone and the will provides merely for a commercial loan enterprise. Much emphasis is placed upon the language " 'I will that the money shall not be given to anyone,' * * *."

The will establishes a fund the income from which is to be loaned to boys and girls in Marshalltown for purposes of their education. The promotion of education is of course a charitable purpose. In re Will of Hagan, 234 Iowa 1001, 1007, 14 N.W.2d 638, 641, 152 A.L.R. 1296, 1301, and citations.

 Charitable gifts are strongly favored by courts and will be upheld wherever possible. In re Estate of Small, supra, 244 Iowa 1209, 1225–1229, 58 N.W.2d 477, 485–487, and citations.

 The provision that loans be made to students and interest paid thereon does not destroy the charitable character of the bequest. The trustees are empowered to make student loans to run as long as ten years at not less than two per cent less interest than local banks receive on commercial loans. Such terms are advantageous to the borrower. The interest collected by the trustees goes to increase the fund to be loaned so more students may benefit from it. This trust was evidently not established to loan money for private gain or advantage. Testator clearly intended to dispose of his entire estate without leaving any part of it to descend as intestate property.

Restatement, Trusts, section 370, comment d, states: "A trust to establish a fund to lend money to students to assist them in acquiring an education is charitable, although the borrowers are required to pay interest on such loans, provided that the interest so paid is to be used for the same purpose or for other charitable purposes."

To the same effect are 3 Scott on Trusts, section 370.5; 2A Bogert on Trusts and Trustees, section 374.

Morgan v. National Trust Bank of Charleston, 331 Ill. 182, 162 N.E. 888, holds a valid charitable trust was created by a bequest of funds to be loaned to indigent students "at a reasonable

rate of interest." The will was attacked on much the same grounds as objectors urge here. The court says (page 189 of 331 Ill., page 891 of 162 N.E.) : "The interest charged was a mere incident of the trust and was not for profit or for the benefit of the estate or the trustee. The interest, as well as the principal, was to be used for the purpose of aiding indigent students, and such was the intention of the testator. The interest may not have been for the benefit of the indigent student who paid it, but it went to the enlargement and benefit of the student fund and was for the benefit of indigent students who might want to borrow from the fund in the future. By charging interest the fund was increased and preserved so that more students could receive the benefit thereof."

Summers v. Chicago Title & Trust Co., 335 Ill. 564, 167 N.E. 777, is a like decision upholding a bequest to Northwestern University of a fund the income from which should be used for making loans to run for four years at four per cent interest to worthy students in law and medicine about to enter the senior year.

In re Yule's Estate, 57 Cal. App.2d 652, 135 P.2d 386, upholds a bequest in trust to the University of Washington the income from which was to be used in aiding women students who are partially or wholly self-supporting. The aid might be in the form of a gift or a loan as officers of the university deemed wisest. The opinion states (page 655 of 57 Cal. App.2d, pages 388, 389 of 135 P.2d) : "Appellants contend that the provision in the will which gives the officers of the University of Washington authority to make loans as well as gifts to students makes the bequest invalid because, it is argued, the making of a loan 'could not be said to be charitable in character.' We see no merit in this contention. The provision * * * unquestionably promotes the purposes of the testatrix to make the bequest as helpful as possible to the students. The provision * * * naturally permits a larger number to be aided by the bounty of the testatrix and at the same time encourages the formation of proper habits on the part of the recipients. It cannot in any sense be considered as authorizing a commercial undertaking."

Other decisions which uphold bequests to establish student loan funds include Pattillo v. Glenn, 150 Fla. 73, 7 So.2d 328;

Holsey v. Atlantic National Bank, 115 Fla. 604, 155 So. 821; Owens v. Owens' Executor, 236 Ky. 118, 32 S.W.2d 731; In re Will of Morgan, 200 Misc. 645, 646, 107 N.Y.S.2d 180, 181 ("Nor does the fact that the persons receiving the benefits must repay the same with interest affect the validity of the trust."); In re Wright's Estate, 284 Pa. 334, 131 A. 188; Champlin v. Powers, R.I., 90 A.2d 787; Powers v. First National Bank of Corsicana, 138 Tex. 604, 161 S.W.2d 273, 280. See also as having some bearing Iowa Federation of Women's Clubs v. Dilley, 234 Iowa 417, 419, 12 N.W.2d 815, 816.

VIII. Clearly the eight objectors who were personally served in this state with original notice of the will construction suit were not entitled to relitigate by objections to the executor's final report or "Petition for Relief" the validity of the charitable trust which was adjudicated in the equity decree. As objectors concede in reply argument, if the court had jurisdiction of them and of the subject matter, the equity decree is res judicata of all issues there raised or that could and should have been raised.

That the objectors who were personally served with notice in the construction suit were not entitled to relitigate in this manner the validity of the charitable trust see In re Estate of DePenning, supra, 244 Iowa 690, 701, 58 N.W.2d 9, 14, 15; In re Estate of Ramsay, 240 Iowa 50, 35 N.W.2d 651; Reimers v. McElree, supra, 238 Iowa 791, 28 N.W.2d 569; In re Estate of Huston, supra, 238 Iowa 297, 27 N.W.2d 26; Anderson v. Conklin, 229 Iowa 232, 238, 294 N.W. 339; Smith v. Russell, 223 Iowa 123, 272 N.W. 121; In re Estate of Greeneway, 236 Wis. 503, 295 N.W. 761, 136 A.L.R. 1174, and annotation 1180 on "Rule of res judicata as applied to judicial construction of will."

IX. The trial court held objectors' "Petition for Relief" which repeated their objections to the executor's final report was in the nature of an action to set aside the will that was barred by Code section 614.1, paragraph 3, because not brought within two years from the time the will was filed for probate and notice thereof given. It is unnecessary to determine the propriety of this holding. Objectors have not shown themselves entitled to relief regardless of whether their petition is so barred.

Other contentions have been considered and found not to entitle objectors to relief.—Affirmed.

All JUSTICES concur.