MALEY (SHATTUCK v.). See Case No. 12,-714.

MALL (UNITED STATES v.). See Case No. 15,712.

MALLEC (GOODYEAR v.). See Case No. 5,-575.

---

## Case No. 8,988.

### MALLETT et al. v. DEXTER.

[1 Curt. 178.] [1]

Circuit Court, D. Rhode Island. June Term, 1852.

COURTS—FIRST TO TAKE JURISDICTION — ADMINIS-TRATOR—ACCOUNT—FRAUD.

1. When an administrator is in the process of accounting before a probate court, he cannot be compelled to account in this court, by a bill in equity.

[Cited in Board of Foreign Missions of Presbyterian Church v. McMaster, Case No. 1,-586.]

2. The circuit court has concurrent jurisdiction with the probate court, to decree an account in favor of distributees.

[Cited in Chapman v. Borer, 1 Fed. 275.]

3. When two courts have concurrent jurisdiction, the one which first has possession of the subject must adjudicate; and neither of the parties can be forced into another court.

[Cited in Riggs v. Johnson Co., 6 Wall. (73 U. S.) 197; Haines v. Carpenter, Case No. 5,-905; Blake v. Alabama & C. R. Co., Id. 1,493; Young v. Montgomery & E. R. Co., Id. 18,166; Providence & N. Y. S. S. Co. v. Hill Manuf'g Co., 109 U. S. 578. 3 Sup. Ct. 379. 619; Andrews v. Smith, 5 Fed. 841; Latham v. Chafee, 7 Fed. 524; Pulliam v. Pulliam, 10 Fed. 29; Bruce v. Manchester & K. R. R., 19 Fed. 344; Reinach v. Atlantic & G. W. R. Co., 58 Fed. 44.]

[Cited in brief in Blake v. Butler, 10 R. I. 134; Corey v. Ripley, 57 Me. 70. Cited in Chapin v. James, 11 R. I. 89; Bank of Bellows Falls v. Rutland & B. R. Co., 28

[1] [Reported by Hon. B. R. Curtis, Circuit Justice.]

Vt. 478; Hill Manuf'g Co. v. Providence & N. Y. S. S. Co., 113 Mass. 500; Du Vivier v. Hopkins, 116 Mass. 128.]

4. An account of an administrator, though settled by a judicial decree of a court of competent jurisdiction, may be opened for fraud.

[Cited in Griswold v. Central Vermont R. Co., 9 Fed. 800.]

[Cited in Williams v. Herrick (R. I.) 25 Atl. 1100.]

[This was a bill filed by Edward J. Mallett and others against Samuel Dexter, administrator.]

Carpenter & Jenckes, for complainants.
Mr. Ames, for defendant.

CURTIS, Circuit Justice. This is a bill in equity, filed by the next of kin and distributees, according to the law of Rhode Island, against the defendant, as administrator of the intestate estate of the late James Fenner. The cause came on to be heard on the pleadings and evidence; and it appears that the scope of the bill is, to open certain administration accounts which have been settled in the probate court, upon the ground of fraud, and also to require an account of the residue of the administration not embraced in those settled accounts. These are distinct subjects, and must be separately considered. And first, as to so much of the bill as seeks for an account of the residue of the defendant's administration not embraced in the settled accounts. It appears that this bill was filed on the twenty-third day of September, 1850, and that in the month of August preceding, the defendant had filed an account in the municipal court for the city of Providence, which, by the law of Rhode Island, has jurisdiction of the probate of wills, the grant of administrations, and the accounts of executors and administrators; and that all persons interested, including the complainants, had been cited to appear and object to the said account, if they saw fit, on the twenty-fourth day of September, the next day after the bill was filed. That the state court thus had possession of the subject-matter, and complete jurisdiction over it, cannot be doubted. It is certainly competent for each state, under whose laws administration is taken, to confer on either of its tribunals, jurisdiction over the accounts of administrators, and to provide for their being rendered, stated, and settled, judicially, in any court of the state. Vaughn v. Northup, 15 Pet. [40 U. S.] 1 The law of Rhode Island made it the duty of the defendant to render the accounts of his administration to the municipal court; and when he had rendered an account there, and that court had cited the complainants to appear, not merely the items of that account, but every thing which ought justly to be included in it, and consequently the whole unsettled residue of the administration, so far as it was then a subject of account, was regularly pending for judicial examination

and settlement before that court. It is true, this court, as a court of equity, has a concurrent jurisdiction over the accounts of executors and administrators, in behalf of distributees as well as creditors, as was held by Mr. Justice Story in Pratt v. Northam [Case No. 11,376]. But no principle is better settled, than that in all cases of concurrent jurisdiction, the court which first has possession of the subject must adjudicate upon it. Smith v. McIver, 9 Wheat. [22 U. S.] 532; Wallace v. McConnell, 13 Pet. [38 U. S.] 136; Shelby v. Bacon, 10 How. [51 U. S.] 56. And neither of the parties can be forced into another concurrent jurisdiction. It follows, that the concurrent jurisdiction of this court cannot be exercised upon this bill, in respect to the unsettled residue of this administration, because that subject-matter was regularly pending between the same parties, before another tribunal, when this bill was filed. It is true that the complainants, some of whom are aliens, and others citizens of states other than Rhode Island, are thus deprived of their resort to the jurisdiction of this court; but so would all such persons have been, when sued in a state court, had not the judiciary act enabled them to remove suits from the state courts to the circuit courts of the United States; and that provision does not include proceedings of this character.

The case of Shelby v. Bacon, 10 How. [51 U. S.] 56, on examination, will be found consistent with the result at which I have arrived. In that case, the complainant had a clear right to come into a court of the United States, to establish his claim as a creditor, and to compel the trustees to pay to him his distributive share of the assets of the bank. The state court had not obtained jurisdiction over either of these subjects; but the court do not decide, that if the plea had contained proper averments to show the state court in possession of jurisdiction over the subject-matter of the accounts of the trustees, with authority to act in rem, the complainant could compel the trustees to come into another jurisdiction to settle the same accounts. Besides, whatever may be the effect of that particular statute of Pennsylvania respecting the accounts of assignees under a voluntary assignment for the benefit of creditors, I should feel great difficulty in holding, that an administrator, who has filed his account in the proper state court, pursuant to the laws from which he derives his authority, and in compliance with his official bond, can be drawn away to another jurisdiction, and proceed to settle the same account there. In Vaughn v. Northup, 15 Pet. [40 U. S.] 1, the supreme court say, the administrator is exclusively bound to account for all the assets he receives, under and by virtue of his administration, to the proper tribunals of the government under which he derives his authority. And although I do not understand the

court to mean to exclude altogether the jurisdiction of the courts of the United States, but only the jurisdiction of the courts of other states, yet their language expresses strongly the capacity of the appropriate state tribunal to possess and exercise jurisdiction over this particular subject-matter, and shows the irregularity of attempting to withdraw it from that jurisdiction, when it has once passed under it. If an administrator neglects or refuses to account, I should hold him to do so upon a bill in equity in behalf of distributees, being aliens, or citizens of another state. But if he is in the process of accounting, before the appropriate tribunal, having the parties' before it, I am of opinion this court should not compel him also to account here.

The other branch of the case is that part of the bill which seeks to open settled accounts, on the ground of fraud. The only subject necessary to be examined under this head, is the charge contained in the amended bill concerning the money paid to Burrington Anthony. The other matters stated in the bill are either not alleged to be fraudulent, but only as false charges and credits, or the proof is entirely insufficient to support the allegation of fraud, which, wherever it is made in those instances, is met and denied by the answer. The charge respecting the money paid to Anthony is, in substance, that the estate was indebted to him, as assignee of an insolvent debtor, in the sum of nine hundred and thirty-one dollars and fifty cents; and that the defendant agreed with Anthony to pay him eight hundred dollars, and take his receipt for the whole debt, for the purpose of charging the estate as if he had paid the whole, Anthony agreeing to keep it secret. That the receipt was accordingly given; and upon that, as a voucher, supported by the defendant's oath, the whole sum was allowed to the defendant, in an account settled by him in the municipal court, March 13, 1848, the complainants being then ignorant of the facts.

The first question is, whether this matter also was not pending before the municipal court when this amendment was made to the bill, on March 24, 1851. It does not appear that at that time any administration account was pending before the court; though one was filed on May 9, 1851. And if there had been an account then pending, a charge of fraud in a previous account, with a view to obtain a decree to open it, is so far a distinct subject-matter, that I should hesitate to say it was before the municipal court, and within its jurisdiction, because it had another account pending before it. It has been argued, that the municipal court has not jurisdiction to open a settled account on the ground of fraud, because the statute law of Rhode Island (Digest, p. 247, § 31) contains a provision, that "the settlement of the accounts of any executor, administrator, or guardian, by the court of probate, or in case of appeal by the supreme court, shall be final and con-

clusive on all parties concerned therein, and shall not be subject to reëxamination in any way or manner whatsoever." But in Northam v. Pratt [Case No. 11,376], Mr. Justice Story had under consideration this same statute, and decided that it was not intended to give validity to the settlement of an account obtained by fraud. Such a settlement is a nullity, and there would seem to be no reason why a court of probate should not treat it so, and cite the administrator to settle anew. In Massachusetts, at a time when, though there was no positive provision of statute law, there was the principle which makes a judicial decree final, it was repeatedly decided, that the settlement, even of a final probate account, could be opened by a court of probate for fraud; and that a court of equity would not interpose. Jenison v. Hapgood, 7 Pick. 7; Davis v. Cowdin, 20 Pick. 510. I do not proceed, therefore, on the ground that the municipal court has not jurisdiction to open a settled account for fraud, but upon the other ground, that, when the amended bill was filed, it was not in possession of the subject matter, and that this court, having concurrent jurisdiction, and having been appealed to, must adjudicate. And this compels me to examine the merits of this charge. It is certainly a very grave one, being nothing less than a charge of a conspiracy to cheat the estate, by the production of a false voucher, and the execution of that design by means of perjury.

The answer of the defendant to this charge is as follows: "And this defendant, further answering, saith, that the amount due from estate to said Anthony, amounted, with the interest, to the sum of $931.50, in April, 1848; that the consideration in the deed, drawn by said Potter, was $900, conveying said building to said heirs, and was dated on the 5th day of April, 1848. That by an examination of the defendant's personal cash books, that on the 10th day of said April, in the presence of said Anthony, and for the purpose of paying him said sum of $931.50, he obtained a check from his agent for $1,000; that, on the 15th of April, afterwards, he received an instrument of writing, signed by the heirs, authorizing the payment thereof; and on the 21st of said April, he procures the receipt of said Anthony, wherein and whereby he acknowledges himself to have received $931.50, in conformity with said instrument of writing, and on the same day charged by the administrator, in his account with the estate. And this defendant further answering saith, that at the time said Anthony applied to him to pay said sum of money, he offered to make a discount, if this defendant would advance him the money out of his own private funds, which this defendant refused to receive, and told him if he paid him any thing, he would pay him his whole debt. And this defendant verily believes that he did pay said Anthony the sum of $931.50, and not $800 only, as the plaintiffs allege in their said bill

of complaint; and that said Anthony's receipt is a true, and not a false, receipt. And this defendant further answering saith, that he was induced to pay said Anthony, out of his private funds, because his wife was owner of one half the property, and owed half the debt, and he did not wish to be further importuned by said Anthony." It was stated, in argument, that this answer was drawn by the defendant himself, without the aid of counsel. Its structure and style render this highly probable. It is certainly less direct, pointed, and explicit, in responding to this charge, than might reasonably have been expected. In answering as to accounts, dates and the like, belief is ordinarily sufficient. 1 Vern. 170; 4 Beav. 41. But in answering a charge of meditated fraud, to be effected by a false voucher, supported by perjury, belief that the sum shown by the voucher was paid, is, to say the least, a feeble response. I do not allow the suggestion, that the defendant drew his own answer, to have any weight. It would be dangerous to permit it to operate at all, to excuse any want of directness in meeting a charge of fraud. If parties, either from false economy or self-conceit, choose to undertake what they cannot perform, in a court of justice, they must suffer the consequences. If they act for themselves, instead of employing others, in order to find shelter for any obliquity under the allowance for their shortcomings, which they presume upon, they will be likely to be disappointed. I take this answer as it stands; and I do not hesitate to say, that if it was met by one witness, whose testimony was open to no exception, I should hold the charge proved. But the difficulty in the complainant's case is, that his witness comes to testify to his own turpitude. He says, in substance, that he was an accomplice in a conspiracy to cheat the estate. An agreement with a trustee, to receive a less sum for a greater, and give a receipt for the greater sum, in order to have it used as a voucher that such greater sum was paid, accompanied by an express promise to keep the real transaction secret, is a matter which no man can testify to, without seriously impairing his credit as a witness. He may tell the truth; but we have not such security in his doing so, as to render it fit to rest a judicial decree on his evidence alone. There is no rule of law which forbids the court to credit the testimony of a particeps criminis; but prudence and sound reason dictate great caution in weighing such evidence, and, in my judgment, it is not sufficient to prove a charge like this. For, whatever may be said of the want of explicitness and force in the answer, it does declare the defendant's belief that he paid the whole sum due, a belief which it would seem he could not entertain if he had been guilty of this fraud. And it is not to be lost sight of, that the bill itself charges that this item was allowed by the court, on the production of the voucher, supported by the oath of the defendant. Considering that this is an

attempt to open an account settled by a judicial decree, after notice to all parties; that the account was supported by the oath of the administrator; that the answer declares the defendant's belief that he paid the whole sum; that the witness comes to testify against his own receipt, in writing, given at the time; and by his testimony shows, that if there was a fraud, he so far participated in it, that the court cannot know how far to rely upon him, I am of opinion the charge is not made out, so as to induce the court to open the account; and the bill must, therefore, be dismissed, with costs. But I think it proper, under the circumstances, that this should be without prejudice, except as to the particular charges of fraud here adjudicated on. As to all items not adjudicated upon, specifically, in some former account, this remedy will be complete, and ought to remain open to the complainants. And as to any other matter embraced in this bill, and not adjudicated on, the complainants should be left at liberty to proceed, in that tribunal, or elsewhere, as they may be advised.