HAZEL ATKIN, Appellant, v. LEWIS WESTFALL et al., Appellees.

No. 46618.

FEBRUARY 6, 1945.

William R. Hart, of Iowa City, for appellant.

H. J. Ries, of Iowa City, for appellees.

MILLER, J.—On April 7, 1943, plaintiff filed a petition in equity asserting the following facts: On February 11, 1943, plaintiff purchased from J. E. Ashton, executor of the estate of Anna H. Porter, deceased, all of that part of the SW¼ of the NW¼ of Section 12, Township 77 North, Range 6, West of the Fifth P. M., belonging to the estate which lies south of the old road leading to the old bridge across the Iowa River and west of the road to Iowa City and bounded on the west by the Iowa River; included in such description were Blocks D and E, River Junction, Iowa, according to the plat thereof; plaintiff agreed to pay $260 therefor, payable $26 on the date of sale and the balance upon delivery of the probate deed; on February 11, 1943, plaintiff paid the executor $26 and on March 16, 1943, tendered him $234 and demanded a deed for the real estate purchased by her; the executor tendered her a deed which did not include said Blocks D and E in the description of the real estate conveyed thereby; the executor tendered to defendant Lewis Westfall a deed which conveyed to him various parcels of real estate, including said Blocks D and E; the attempt to so transfer said Blocks D and E is a fraud upon the plaintiff and an attempt to deprive her of real estate purchased by her from said executor; the executor and defendant Westfall fraudulently conspired to deprive her of real estate purchased by her on February 11, 1943; she is entitled to said Blocks D and E and Westfall is not; the executor intends to transfer said Blocks D and E to Westfall; plaintiff has no speedy and adequate remedy at law and will suffer irreparable injury. The prayer was that the executor be restrained from transferring said Blocks D and

E to defendant Westfall and that the court order the executor to transfer said Blocks D and E to plaintiff, and for general equitable relief.

The answer of the executor admitted that on February 11, 1943, plaintiff purchased certain real estate from the estate of Anna H. Porter in the SW¼ of the NW¼ of Section 12, Township 77 North, Range 6, West of the Fifth P. M., but denied that said Blocks D and E were included therein; it was also admitted that the price thereof was $260, of which $26 was paid; that a deed was tendered plaintiff which did not include said Blocks D and E, and one was tendered Westfall that did include them. The other allegations of the petition were denied. The executor also asserted that the real estate was sold at a public sale, authorized by order of the district court of Johnson county; immediately prior to the sale plaintiff requested the executor to sell her a small parcel of the real estate separately, contrary to the general plan of the sale; time was not available to accurately measure and describe the tract she desired; plaintiff stated that she desired the tract for a riverside cabin and recreational and outing purposes; Blocks D and E are tillable land and of different character from river-front timberland suitable for recreational and outing purposes; if there was ambiguity in the description of the parcel of land sold to plaintiff it was occasioned by plaintiff and should be construed in the light of all the circumstances, with due regard to the purposes for which plaintiff said the land was to be used; plaintiff stood by at the public sale when Blocks D and E were sold as a part of the farm land as a unit to defendant Westfall; plaintiff is estopped to claim any rights in Blocks D and E.

The answer of the executor further asserted that, subsequent to the public sale on February 11, 1943, and subsequent to the execution of written contracts with the various purchasers at said sale, plaintiff made known to the executor that she was claiming she had purchased Blocks D and E; the executor made a good-faith effort to satisfy plaintiff, obtained permission from defendant Westfall, who had purchased the farm land from which plaintiff's parcel was taken, to tender to plaintiff, as a part of her purchase, two acres lying south of the railroad right of way; the executor prepared deeds and a report of sale, which

were filed in the district court aforesaid, reporting the sales made to plaintiff and to Westfall. The answer further asserted:

"That said report of sale was set for hearing by the court on the tenth day of March, 1943; that notice of said hearing was given; that plaintiff appeared in person in the courtroom at the time of said hearing and did not offer any objection to said report or the deeds prepared and tendered thereunder; that the court announced, publicly and in full, the descriptions of the tracts which had been reported sold and the names of the purchasers thereof; that, pursuant to said hearing, said court made and filed its order approving said report and thereby approving the sales of the tracts as described in said report and deeds, and defendant alleges that said order is binding upon this plaintiff and plaintiff is now estopped from making any claim contrary to the terms of said order, report of sale, and deeds."

The answer of defendant Westfall admitted certain allegations of plaintiff's petition and denied others, the substance thereof being that, at the public judicial sale referred to in the answer of the executor, the land sold to plaintiff did not include Blocks D and E, claimed by her, and that the land sold to Westfall did include said Blocks D and E.

Plaintiff's reply admitted that the land was sold under authority contained in the will of Anna H. Porter, that it was a judicial sale, but denied most of the affirmative allegations of the answer of the executor. The reply also asserted:

"Plaintiff alleges that at the time the report of the sale of said real estate was made to this Court the defendant-executor came to the plaintiff, told her to say nothing, urged her to keep still and promised that if she did keep still and say nothing he would see that the real estate she claims would be deeded to her, and that relying upon his promise she did keep still, but that her silence was occasioned by the promise of the defendant-executor and that said promise was fraudulently and designedly made for the purpose of securing the silence of this plaintiff and designed to prevent the full facts being made known to this Court and designed to prevent this Court from being informed fully as to the transaction at the time of said sale."

The executor filed a counterclaim for damages in the sum of $209.47 occasioned by the temporary injunction herein. Plaintiff's reply thereto was in the nature of a general denial.

Plaintiff's evidence undertook to establish that Blocks D and E were included in the description of the land sold by Dan C. Dutcher, attorney for the executor, to plaintiff at the public sale on February 11, 1943. None of the witnesses for plaintiff testified to a description which mentioned Blocks D and E. The witnesses undertook to establish that the description of the land plaintiff bid on was given by metes and bounds and included land south of the old road leading to the old bridge across the Iowa River. The picture is a bit confused for this reason. In fact, plaintiff's first witness testified, on cross-examination, as follows:

"As I remember, there were descriptions that I did not really understand and although I knew it was awful difficult for anyone to describe I don't believe there was a person there [who] knew what actually was taking place."

Other witnesses were not quite so positive as this one, but, taken as a whole, the testimony of what occurred at the public sale is, to say the least, quite confused.

There seems to be no doubt, however, that the parcel plaintiff bid on was described as containing five acres more or less and the farm land Westfall bid on was approximately seventy acres. Plaintiff's testimony as to the purpose of asking to buy this five-acre parcel was as follows:

"The brother [of the executor] suggested that I ask Edgar [the executor] if it were possible to buy a piece of the Porter land and I asked Edgar, the first time I talked to him, for a camp site. Later, because of a very good reason and because I thought it would make it easier for him and save myself a lot of trouble in the future, I asked for all the acreage lying along the river and east as far as Walker Street, but apparently I didn't get it."

Defendants' witnesses testified that the only reason plaintiff gave for wanting the five-acre parcel was for a camp site.

Plaintiff testified that she was in court when the deeds were approved. She testified:

"The deed which was approved by the court may possibly have been shown to me just before the court approved it, but I merely got a glance at it. I haven't seen the deed since then although my attorney may have seen it."

She also testified:

"Q. You made no objection to the approval by the court of the deed, did you? A. I made no objections because I got up and I asked Mr. Ashton. I couldn't hear what occurred before it was approved. I told him they didn't change it; I would cause trouble; that I wouldn't stand for it. I couldn't hear it but my aunt was with me and she didn't think it had been changed. I got up and walked over to Edgar and said, 'What am I going to do? I can't let this go through court.' He said, 'You sit down and keep still. I can fix it up.' I went back and sat down."

The record made in the probate court is not before us. However, there seems to be no question but that the sale was a public sale, a judicial sale, and that all bids were subject to approval by the court. In fact, plaintiff's first witness, who was a bidder at the sale, testified as follows:

"I was the high bidder at the auction sale on several parcels of land that were sold by the executor but the sale to me did not go through because there were subsequent higher bids made in Court. Mr. Swenka was the final high bidder."

This action in equity was commenced less than thirty days after the hearing had been had before the probate court.

The testimony of the witnesses on both sides comprises over one hundred pages of the record. It is impossible to set it out in detail and, for reasons hereafter stated, it would serve no useful purpose. There were a number of issues of fact wherein there was a sharp conflict between the witnesses. The court made no findings of fact and announced no conclusions of law, merely found that plaintiff had failed to establish the material allegations of her petition and that she was not entitled to the relief prayed for. The court found for plaintiff on the counterclaim of the executor. The decree

dismissed plaintiff's action and the executor's counterclaim. The plaintiff alone appeals.

I. Plaintiff asserts but one proposition in this court, to wit:

"That the evidence when carefully considered proves that the plaintiff purchased the land known as Blocks D and E in River Junction, Iowa, at the sale of the Anna H. Porter Estate land and that in holding otherwise the trial court erred."

Counsel states that the question in dispute is almost entirely a question to be determined from the facts and not from any peculiarity of the law. Counsel devotes his entire argument to disputed questions of fact and cites and discusses no authorities on any legal questions. We do not think that the case is to be determined on the issues that counsel emphasizes.

As above pointed out, the sale plaintiff relies upon was a judicial sale. The public auction on February 11, 1943, was subject to review by the probate court and was reviewed by that court on March 10, 1943. If the land that plaintiff claims to have bought was sold to her, it was sold to her by the court, not by the auctioneer. While there is an abundance of oral testimony as to what took place at the auction on February 11, 1943, there is a decided paucity of evidence as to what took place before the court. It seems clear that a report of sale was made, but the report is not before us. It is also clear that written contracts were made with the various purchasers, including the plaintiff. It is apparent that the written contracts were presented to the probate court. But there is no claim that plaintiff's written contract included the much-disputed Blocks D and E. The complaint is that the contract did not include them. Certain deeds were submitted to the probate court and were approved by it. Plaintiff's deed was so approved. It did not include Blocks D and E. They were included in the deed to Westfall, which the probate court approved.

We have held repeatedly that the district court has original and exclusive jurisdiction of matters in probate and its decisions are final in the absence of appeal and are not subject to collateral

attack. Reidy v. Chicago, B. & Q. Ry. Co., 216 Iowa 415, 417, 249 N. W. 347, and cases cited therein.

In Hutton v. Laws, 55 Iowa 710, 712, 713, 8 N. W. 642, we stated:

"That a court of equity will not review and correct the acts of an administrator while administration is pending in a probate court has been held in Mollett v. Dexter, 1 Curt., 178, and Copers v. McCaa, 41 Miss., 479. An administrator must be held accountable to the court from which his letters issued and where his bond is given, and to no other. * * *

"As further ground of complaint plaintiffs question the correctness of the proceedings by which certain real estate was sold at administrator's sale. But the order of sale was made after due notice to the heirs, and the deed executed in pursuance of the sale was approved in open court. If the court erred in granting the order of sale or in approving the deed it appears to us that the error could be corrected only upon appeal. Little v. Sinnett, 7 Iowa, 324."

There is no claim made that the probate court did not have jurisdiction of this sale. Such evidence as is before us, considered with presumptions of legal regularity applicable thereto, is that the probate court had jurisdiction of the parties and the subject matter when it approved the sales and the deeds to plaintiff and Westfall. The prayer of the plaintiff's petition is that the sale to Westfall be enjoined and that part of the real estate, which is conveyed to him in the deed which the probate court approved, be conveyed to plaintiff. This can be accomplished only by setting aside the order of the probate court.

II. It is true that this court has held that a petition in equity may be treated as one for a new trial under section 12787, Code, 1939, formerly section 4091, Code, 1897. Ruppin v. McLachlan, 122 Iowa 343, 352, 98 N. W. 153, and cases cited therein. Section 12787, Code, 1939, appears in Appendix I attached to the Rules of Civil Procedure prescribed by this court pursuant to chapter 311, Acts of the Forty-ninth General Assembly. Hence, it has been superseded by said rules. Terpstra v. Schinkel, 235 Iowa 547, 17 N. W. 2d 106. The Rules

of Civil Procedure now applicable to such proceedings for a new trial are Rules 252 and 253. If the subject matter of this litigation was properly before the court, it was by virtue of plaintiff's petition being treated as being filed pursuant to said Rules 252 and 253. The only ground for relief thereunder which would appear to have been asserted herein is that specified in clause (b) of Rule 252, to wit, "Irregularity or fraud practiced in obtaining the same." This ground would appear to have been asserted by paragraph 8 of plaintiff's petition, which alleged:

"That the said executor and defendant, Lewis Westfall, have fraudulently conspired to deprive this plaintiff of the real estate purchased by her on the 11th day of February, 1943."

We are satisfied that the record is wholly insufficient to establish such a conspiracy between the executor and Westfall. As heretofore stated, defendants' evidence was that plaintiff sought opportunity to buy a tract of about five acres for a cabin site and the executor undertook to sell to Westfall all of the tillable land. Blocks D and E were planted in corn. Under defendants' theory, these lots were not intended to be sold to plaintiff and were intended to be sold to Westfall.

There is evidence that plaintiff contended to the executor that she bought Blocks D and E and that the executor attempted to satisfy her. Plaintiff complains of certain statements that were made by the executor to her. But the evidence fails to establish that Westfall conspired with the executor or was guilty of any such fraud as would warrant a new trial under Rule 252. Strub v. Schmidt-Kurz Improvement Co., 234 Iowa 1372, 1380, 14 N. W. 2d 628, 632. It is the sale to Westfall that plaintiff attacks and it is a part of the land that his deed conveyed to him which she insists must be conveyed to her. She failed to prove the material allegations of her petition which would entitle her to such relief. The court was right in so holding.

The decree is—Affirmed.

All JUSTICES concur.