EDWARD KOPECKY, appellant, v. JOHN KOPECKY, administrator of estate of Katherine Kopecky, appellee.

No. 48235.

(Reported in 57 N.W.2d 54)

FEBRUARY 10, 1953.

Ted V. Ruffin and Nicholas E. Lillios, both of Cedar Rapids, for appellant.

Donald T. Hines, of Cedar Rapids, and Edward R. Boyle, of Clear Lake, for appellee.

PER CURIAM—This defendant-administrator obtained judgment (in a former accounting suit) against plaintiff herein. After expiration of time for filing motion for new trial in that case (rules 244 and 247, R. C. P.) defendant therein filed this petition as an *independent* proceeding, apparently under rule 252(f) notwithstanding rule 253(a) expressly states such petition "must be filed in the original action." The petition stood denied without answer and the proceeding was triable as an ordinary action. Rule 253. No equitable grounds are alleged so we need not discuss whether that remedy is still available in a proper case under our rules. See author's comment, 4 Cook, Iowa Rules of Civil Procedure, page 203.

No evidence was introduced, plaintiff relying on a letter and an affidavit attached as exhibits to his petition and apparently

assuming the record in the original case was before the court in this case.

The trial court denied the petition saying: "* * * (passing the question of diligence) there is no reasonable probability that the alleged newly discovered evidence would lead to a different result."

Plaintiff appealed and submitted as his proposed typewritten abstract—rule 340(a), R. C. P.—the entire pleadings, evidence, rulings and judgment in the original case. The trial court ruled that "the only material properly to be included * * * is that contained in the record made at the time of the hearing in this cause" and settled the record on appeal accordingly.

Defendant filed a motion to dismiss appeal which we ordered submitted with the case. The entire matter is before us on written briefs and oral arguments.

The trial court, in its discretion, probably could have treated the proceeding as if filed in the original suit as provided by rule 253(a). See, for a somewhat analogous situation, Atkin v. Westfall, 235 Iowa 618, 625, 17 N.W.2d 532.

But we cannot hold failure to do so constituted such abuse of discretion as to be reversible error. The parties proceeded in the separate case and rule 253(a) was not called to the court's attention by either. Of course plaintiff might have offered the record made in the original case or defendant might have objected to the manner of procedure.

The trial court, as a practical matter, was in a position to determine whether there was any reasonable probability of a different result on new trial. We find no basis for a reversal and the decision of the trial court is affirmed.—Affirmed.