IN RE ESTATE OF PETER DEPENNING (deceased); F. L. BEDELL, executor.

Nos. 48244
48245.

(Reported in 58 N.W.2d 9)

APRIL 8, 1953.

Bray, Carson & McCoy, of Oskaloosa, for appellants.

P. J. Siegers and Siegers & Bedell, of Newton, for appellee.

WENNERSTRUM, J.—This opinion involves two actions and an appeal in both of them. By reason of the manner in which the appeals were submitted we are considering them as one matter. One of them relates to a petition for an order seeking to set aside a previous order fixing and allowing compensation of the executor and his attorneys in the estate of Peter De-Penning, deceased. The other relates to objections made by the same parties to the final report of the executor. In the proceeding relative to the first referred to action the trial court sustained a motion of the executor and his attorneys to dismiss the applicants' petition, holding there was nothing in it which justified the setting aside and vacating of the previous order. In the other action the trial court held, in ruling on certain points of law, that the matter of compensation of the executor and his attorneys had been fixed by a previous order and thereby adjudicated. It also held that the order and judgment of the trial court relative to fees and kindred matters was also an adjudication of their rights to relitigate these matters in objections to the final report. The petitioners and the objectors in these two matters, being the same individuals, have appealed.

F. L. Bedell was appointed executor of the estate of Peter DePenning, deceased, on September 27, 1948. The petitioners sought to have set aside an allowance of executor and attorney fees and some additional expenses. They are the decedent's residuary legatees. There had been prior litigation in connection with the estate. DePenning v. Bedell, executor, 242 Iowa 102, 44 N.W.2d 385. In the cited litigation the executor had employed the firm of Siegers & Bedell to represent him. This representation was made pursuant to authorization obtained in the probate proceedings of the estate. On March 12, 1951, Bedell, the executor, filed a sworn application for an order allowing compensation to himself and his attorneys in the estate matter, as well as in the previous litigation. In connection with his application for compensation he also filed a sworn itemized statement of extraordinary services rendered. On March 13, 1951, an order was entered setting down this application for hearing on March 19, 1951, at 10 a.m. It was therein directed that notice of said hearing be given to the residuary beneficiaries of the will of Peter DePenning, deceased, by mailing a copy of said notice to each of them not less than five days before the date set for said hearing.

It is shown by the record and not denied by appellants that these notices were mailed to each of the said residuary beneficiaries on March 13, 1951, and received by them.

Because of the comments and contentions of the appellants we shall set out a copy of the letter which was sent to each of the residuary legatees on the stationery of Siegers & Bedell and enclosed with the notice. It was signed by F. L. Bedell, executor.

"March 12, 1951

"* * *

"Enclosed find Notice of Hearing on my Application for an Order fixing the Executor's fee and the attorney fees of Siegers & Bedell in your father's estate.

"As you know the sale of the real estate and all of the litigation required a great deal of time and work. Our itemized statement on file shows the services rendered but does not specify any amount. That is for the reason that the Court will allow

what it considers the fair and reasonable value of the services rendered.

"The hearing will be before Judge Bechly who is thoroughly familiar with the litigation involved and the circumstances concerned in the estate. He will, therefore, make such allowance as he considers proper and fair to all concerned.

"It is not necessary that you be present at the hearing but the enclosed Notice affords you an opportunity to be there if you so desire. * * *"

The original application for an order fixing and allowing compensation for the executor and his attorneys sets out facts pertaining to services rendered. It is therein stated at the time of the decedent's death three of his children held notes executed by him in the amount of $3000 and a mortgage on his farm and a Prairie City residence; that the total amount of this indebtedness with compound interest made the unpaid balance on said notes and mortgage approximately $20,000; that the decedent's will directed his executor to contest the validity of said notes and mortgage if any attempt was made to collect them; and that shortly after the decedent's death litigation was threatened by the holders of the notes and negotiations were had relative to a possible settlement of this indebtedness. On March 31, 1949, an action was commenced against the executor to obtain judgment on said notes and a foreclosure of the mortgage. The residuary beneficiaries were joined as defendants. The application further shows that on this same date a claim was filed against this executor on the same three notes and it is stated if these claims had been recovered the major portion of the decedent's estate would have been taken. The application further stated that on August 26, 1950, two of the decedent's children and the widow and heirs of a deceased child instituted an action at law for the purpose of setting aside the order probating decedent's will and declaring it invalid; and that on or about the same time contestants also filed a petition to set aside the probate of the decedent's will.

It is further shown by the application that instructions were obtained from the trial court to defend in all this litigation. Various motions and pleadings were filed and all litigated mat-

ters carried to a conclusion. The foreclosure action was tried and recovery was denied by the trial court, which decree was affirmed by the supreme court on appeal. (See DePenning v. Bedell, executor, supra.) The application further shows that the will contest was assigned for trial and the executor and his attorneys were prepared to try this action; that not until after all preparation for trial had been made did he learn that the contestants would dismiss their action. It is further shown that the will contest and the actions concerning the claims filed in the estate proceedings were all dismissed. It is also stated that the firm of Siegers & Bedell, of which the executor was a member, acted as attorneys in the administration of the estate throughout all the litigation. It is further therein stated that the executor took charge and managed all of the decedent's real estate which consisted of a farm and three residence properties, and in keeping with the provisions of the will and the orders of the court he sold all of said real estate; and that the residuary legatees who were defendants in some of the litigation employed their own attorneys at all times. The application is concluded with a statement that the executor and his attorneys rendered extraordinary services in connection with the real-estate and tax matters and asks that their fees be fixed in connection with the ordinary compensation which was sought as well as for the extraordinary services.

The interested residuary legatees did not appear to contest the application made and on March 19, 1951, default was entered against them and an order was entered fixing and allowing the following fees: $1004.52 for ordinary services rendered by the executor, $502.26 for ordinary legal services rendered by the attorneys, Siegers and Bedell, and $7393.22 for extraordinary services rendered by the executor and his attorneys.

On March 19, 1952, the residuary legatees filed a petition to set aside the order previously referred to. This petition commented on the nature of the notice given and the letter which accompanied it. It is therein stated that the residuary legatees had no knowledge that an order had been entered allowing the executor and his attorneys the fees previously mentioned until February 22, 1952, when they received from the executor a copy

of the final report which he proposed to file and which showed the payment of the fees; that the total value of the DePenning estate was $44,533.28; that the amounts allowed to the executor and his attorneys are not fair and reasonable compensation which the petitioners were assured would be authorized but the same are unreasonable, exorbitant and confiscatory; that the only extraordinary services rendered by the executor were in connection with the litigation which was appealed; that the petitioners were parties defendant and they employed and paid with their own funds for attorneys to represent them in said litigation; that these attorneys were associated with the attorneys for the executor and performed the major part of the legal services in connection with this litigation in the district court as well as in the supreme court, with results favorable to the petitioners and the executor; that these legal services were not all performed by them but much of the work was performed by the attorneys employed by the petitioners. The petitioners further state they did not receive sufficient notice of the hearing because it was nullified by the letters written to them by the executor, which letters were manifestly written for the purpose of impressing the residuary legatees that there was no necessity of their being present at the hearing. The petitioners ask that the default entered against them be set aside and the order made relative to fees be vacated. The original notice of the filing of this petition was addressed to the executor and his attorneys. Siegers and Bedell were served on March 19, 1952, by service on P. J. Siegers, a member of the firm. A notice to F. L. Bedell, executor, was served on him on March 20, 1952. On March 31, 1952, F. L. Bedell, as executor, entered a special appearance to the petition filed wherein he alleged the court had no jurisdiction of him in connection with the facts set forth in the petition because it was filed more than sixty days after the rendition of the order; that the executor was and is an adverse party within the meaning of rule 253, R. C. P., and the notice was not served on the executor within one year after the rendition of the order as is required by rule 252 and rule 253; that the service of the original notice upon Siegers & Bedell as attorneys for said executor did not constitute service on said executor and did not

confer jurisdiction of any kind upon the court; and because of the absence of timely service upon the executor the court had no jurisdiction to vacate the order of March 19, 1951, or grant a new trial.

On March 31, 1952, Siegers & Bedell filed a special appearance to the petition and application and therein set forth the same allegations as those incorporated in the special appearance of F. L. Bedell, executor.

Thereafter on April 17, 1952, a hearing was had on the special appearance and it was ordered by the court that this matter be submitted for determination in connection with a motion for more specific statement and a motion to dismiss. The order was made applicable to the special appearance of both the executor and Siegers & Bedell. On this same day a motion for more specific statement and a motion to dismiss was filed by F. L. Bedell, executor. Subject to the ruling on the motion for more specific statement the motion to dismiss stated that the petition failed to allege a claim or cause of action on which any relief could be granted for the following reasons: that the order of March 19, 1951, was not an ex parte order but a final order and judgment rendered after notice to petitioners and is conclusive unless corrected, vacated and set aside as provided by law; that the allegations of fact contained in said petition are not sufficient to establish any of the grounds set out in rule 252 necessary to correct, vacate or modify the order in question; that the letter upon which the petition is based did not in any manner mislead the petitioners and did not constitute fraud; that the petition fails to set out any facts tending to establish or constitute any unavoidable casualty which prevented the petitioners from making any defense to the application for the allowance of fees; that the petitioners seek a new trial but fail to show the alleged ground for relief could not have been discovered in time to proceed under rule 244 or rule 246, R. C. P.; that said petition affirmatively shows the alleged grounds for relief, if not actually known to the petitioners, could have been discovered at any time from or after March 19, 1951; and that the only facts properly pleaded by the petitioners tend to show only a difference of opinion between the petitioners and the trial

court and these facts are not sufficient, even if established, to constitute a meritorious defense to the application for allowance of executor's compensation and attorneys' fees to warrant a review of said order or new trial. On this same date, April 17, 1952, Siegers & Bedell filed a separate motion for more specific statement and motion to dismiss which is substantially the same as that filed by F. L. Bedell, as executor.

On the date last mentioned the petitioners, through their attorneys, confessed the motion for more specific statement and amended their petition by incorporating therein the letter from the executor which has been heretofore set out. On April 19, 1952, the trial court ruled on the pending matters, filing an opinion and judgment wherein it stated the hearing to set aside the order and judgment of the court fixing the compensation of the executor and his attorneys had been set for March 19, 1952; that on that day a hearing was had on the special appearance filed by the executor, which special appearance was overruled; that before noon of March 19, 1952, the executor, by his attorney, asked permission of the court to leave, which permission was granted and the executor left Jasper County; that during the afternoon of said day hearing on this matter was resumed on the motion to dismiss the application and after the executor's attorney had finished his argument the residuary legatees, through their attorney, withdrew the application; that shortly thereafter they filed a petition asking that said order allowing compensation be set aside and vacated and delivered an original notice of a contemplated hearing on said petition to the sheriff of Jasper County with direction that it be served immediately. The notice was served on P. J. Siegers of the firm of Siegers & Bedell but the sheriff was unable to find F. L. Bedell on said day and service was not made on him until March 20, 1952; that the period of one year as provided by law for the filing of such a petition expired on March 19, 1952. In the court's ruling it further stated that at the hearing the executor had contended the petitioners failed to present a case that gives the court jurisdiction of the subject matter or the parties because of the failure to serve the notice on F. L. Bedell, executor, within one year as provided by law. It was further stated that rule 253, R. C. P.,

requires not only that the petition be filed within one year but that notice on the adverse party must also be served within one year. The court further stated that because of the circumstances under which the executor was absent from Jasper County at all times after the filing of the petition and throughout that day, the residuary legatees were diligent in attempting to serve notice on him and "* * * this court, though not without grave doubts as to its correctness, overrules the executor's special appearance.". The court held in connection with the hearing on the motion of the executor to dismiss the petition of the residuary legatees that it did not find in the letter which was enclosed with the notice mailed to them prior to the March 19, 1951, hearing "* * * any statement that is untrue, nor any statement calculated to deceive any of the residuary legatees and does not find that it constitutes an effort to cause them not to appear at said time." The court further found that the residuary legatees and the petitioners did not act in this matter with due diligence and none of the facts set out in their petition justified the setting aside of the order fixing compensation. The court then ordered the petition of the residuary legatees be dismissed and judgment be rendered against them for the costs of the proceedings.

In connection with the appeal from the order approving the executor's final report it may be noted that the objectors in their pleadings set out much of the facts pleaded in the petition to set aside the order of March 19, 1951. It would be repetitious to set out all these pleadings, although there are some additional facts pertaining to bond and travel expense.

The executor filed a resistance to the objections to the final report wherein he stated that the order of March 19, 1951, was not an ex parte order; that no appeal was taken from said order; that it had not been modified or set aside; that all questions raised by the objections filed concerning the compensation fixed and allowed to the executor and his attorneys were judicially determined by said order; that the petitioners are bound thereby; and that the order of March 19, 1951, may not be attacked by objections to the final report.

The executor, on May 15, 1952, filed an application for separate trial on the points of law in which the court was asked

to separately hear and determine (1) whether all objections and issues as to payment of compensation to the executor and his attorneys were res adjudicata by reason of the prior order; (2) whether or not all objections and issues as to the necessity for and propriety of travel by the executor and the resulting expenses were res adjudicata by reason of the previous order approving them; and (3) whether the issues raised as to the validity of the order of March 19, 1951, wherein the compensation of the executor and his attorneys was fixed were res adjudicata by reason of the order in the proceedings brought to vacate said order.

The trial court determined the law points involved against the contentions of the petitioners, the appellants herein, and determined all matters as to compensation and expense allowance of the executor and his attorneys had been adjudicated by the court order of March 19, 1951, and may not be relitigated in objections to the final report. It further held that the sustaining of the executor's motion to dismiss the petition to set aside said court order was an adjudication as to the rights of objectors to relitigate the questions determined.

Following the determination of the law points the court dictated into the record a statement, a part of which is as follows:

"At that time [March 19, 1951] the court heard the professional statements of Mr. Bedell and Mr. Siegers and examined the itemized claim for their services and expenses and further from his own knowledge as to matters in this estate and litigations in the estate, including the fact that Mr. Bedell was executor of the estate of Peter DePenning, deceased, and that the heirs-at-law of said Peter DePenning were very antagonistic towards each other, and from the information, he having tried the original foreclosure case, and several other matters that were before the court in that estate, determined at that time that the allowances made to the executor and his attorney were fair and reasonable amounts for the services rendered and the expenses incurred."

Thereafter there was introduced evidence pertaining to payments made to the executor for expenses and further evi-

dence relative to the amount of money spent for surety bond premiums.

In the submission of this appeal the appellants have incorporated in their brief and argument their contentions in both the proceedings and assert as grounds for reversal the trial court erred (1) in dismissing the petition of appellants to set aside the court order entered on March 19, 1951; (2) in holding that the matters relative to compensation and expense allowed to the executor and his attorneys were adjudicated by the order entered by the court on March 19, 1951, and the order dismissing the petition to set aside that order was an adjudication as to the rights of the objectors to relitigate that question; (3) in sustaining objections to questions propounded the executor on cross-examination and to testimony offered by the objectors to establish their contentions to the final report; and (4) in overruling objections to the executor's final report and in approving it.

I. The appellants' petition to set aside the court order of March 19, 1951, was filed under the provisions of rules 252 and 253, R. C. P. Rule 252 provides that the court may correct, vacate or modify a final judgment or order or grant a new trial by reason of "* * * (b) irregularity or fraud practiced in obtaining the same; * * * (e) unavoidable casualty or misfortune preventing the party from prosecuting or defending; * * *." Rule 253 provides that a petition for relief under rule 252 must be filed in the original action within one year after the rendition of the judgment or order involved and that the petitioner must serve the adverse party with an original notice within the year.

The contentions of the appellants relative to the letter have been heretofore set forth, but it is particularly contended that the statements therein made constituted fraud which was extrinsic and which required the setting aside of the order. It is also maintained the statements in the letter misled the petitioners, thereby resulting in unavoidable casualty and misfortune.

■■ We have heretofore set forth the comments of the trial court to the effect that the fees allowed were fair and reasonable. It thus appears the trial court was convinced there had been no irregularity shown or fraud practiced upon it or the residuary legatees and there was no justification for a finding

that unavoidable casualty and misfortune prevented the petitioners from defending in connection with the application. To warrant the setting aside of a judgment for fraud such claimed fraud must be clearly shown. Watt v. Dunn, 236 Iowa 67, 77, 17 N.W.2d 811, 816. Such a holding equally applies where it is claimed that unavoidable casualty or misfortune prevented a party from defending. We are convinced the record does not disclose evidence which supports the appellants' contentions.

██ II. We are concerned with the question whether the order of March 19, 1951, was a final judgment or order. In Weidman v. Money, 205 Iowa 1062, 1064, 219 N.W. 39, we held that a final order in probate entered after due notice to interested parties is a final adjudication. See also Atkin v. Westfall, 235 Iowa 618, 624, 17 N.W.2d 532; Aschan v. McDermott, 164 Iowa 750, 759, 145 N.W. 524.

The case of In re Estate of Schropfer, 225 Iowa 576, 281 N.W. 139, cited by the appellants, is not here applicable as the court was therein concerned with an ex parte order. The case of In re Estate of Metcalf, 227 Iowa 985, 289 N.W. 739, which is also cited, is likewise not in point. In the last cited case only one of the executors was served with notice. Although some of the interested parties were in the courtroom at the time of the hearing, not all of them were there and they had not been served with notice of the hearing relative to the allowance of fees.

We hold that the trial court properly dismissed the petition of the residuary legatees to set aside the order allowing the fees in that the showing was insufficient to bring the petitioners' claims under the provisions of rules 252 and 253 and for the further reason service of the notice was not obtained on the executor within one year.

██ III. We hold, as did the trial court in its ruling on certain law points, that its order and judgment entered April 19, 1952, dismissing the petition seeking to set aside the order of March 19, 1951, was a final adjudication and could not be relitigated in objections to the final report.

In the case of Soppe v. Soppe, 232 Iowa 1293, 1296, 1297, 8 N.W.2d 243, 245, we considered a situation where notice had

been given all interested parties in a proceeding to sell real estate. After notice and hearing, no objections having been interposed, the court authorized the sale of the real estate. Later objections to the final report were filed because it showed payment of a claim which it is asserted should not have been paid. This indebtedness had been particularly mentioned in the application for the sale of the real estate. There, as in the present case, no appeal was taken. In the cited case we stated:

"We have repeatedly held, however, that a court order allowing a claim, when the administrator has been present in court or represented by counsel, is a final adjudication unless corrected on appeal, in the absence of fraud or collusion between the claimant and the executor. In re Estate of Nicholson, supra [230 Iowa 1191, 300 N.W. 332], and cases cited; In re Estate of Kinnan, supra [218 Iowa 572, 255 N.W. 632], and cases cited; In re Estate of Davie, 224 Iowa 1177, 1181, 278 N.W. 616, and cases cited. This rule is applicable here. * * *

"An adjudication is final and conclusive as to all matters incident to or essentially connected with the subject matter in litigation. Smith v. Russell, 223 Iowa 123, 128, 272 N.W. 121, and cases cited; Wheatley v. City of Fairfield, 221 Iowa 66, 75, 264 N.W. 906, and cases cited."

It is our conclusion the same issues sought to be determined by the objectors to the final report were adjudicated in the court's ruling on the motion to dismiss the petition to set aside the order of March 19, 1951.

IV. Objections to other features of the final report were considered by the trial court. We have considered them and have concluded that there is no basis in the record for them, that the court's rulings sustaining objections to certain questions appellants' counsel propounded to the executor were proper, that there was ample evidence to justify the trial court in approving the expenditures in question and that the trial court properly overruled the objections to the final report.

We find no basis for reversal and therefore affirm.— Affirmed.

All JUSTICES concur.